[Civ. No. 46830. Second Dist., Div. One. June 3, 1976.]

RICHARD ORTALE, Plaintiff and Appellant, v.
SHIRLEY B. MULHERN, Defendant and Respondent.

## COUNSEL

Westwick & Collison and Robert J. Graham for Plaintiff and Appellant.

Goux, Romasanta & Anderle and Thomas P. Anderle for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from an order allowing a debtor's claim of homestead exemption to the proceeds of a sale of homestead property. Creditor contends that the trial court erred in not charging against the portion of the fund subject to the exemption real estate commissions payable upon the sale of the real property and in not thereby reducing the exempt portion of the fund by the amount of the commissions. The contention lacks merit.

On December 29, 1972, Shirley and William Mulhern recorded a declaration of homestead on their residence at 1719 La Mirada Drive in Santa Barbara. The residence was their community property. On November 13, 1974, Richard Ortale obtained a default judgment against William Mulhern[1] in the amount of $9,200 plus interest of $697.67 and costs of $99.40. The judgment was filed of record.

Shirley filed an action to dissolve her marriage to William Mulhern in August of 1974. An interlocutory decree of March 4, 1975, awards the homesteaded property to Shirley Mulhern. Shirley sold the property through an escrow which closed on May 15, 1975. After payments on encumbrances on the property and various costs of sale, $24,550.18 remained in the escrow account. Pursuant to the escrow instructions, $4,500 payable from the fund was due Greentree Realty as a commission on the sale. Shirley was an employee of Greentree Realty and was entitled to share in its commission.[2]

On May 21, 1975, Ortale obtained a writ of execution in the amount of $10,001.07. The writ directs the sheriff or marshal to satisfy the judgment out of "(1) . . . personal property of judgment debtor(s), not exempt from execution . . . or (2) if the judgment is a lien on real property, then out of the real property belonging to debtor(s) on the date the abstract of judgment was filed . . . ."

The writ was levied upon the escrow holder. The $4,500 commission due on the sale was disbursed. The escrow holder's answer as garnishee states that it is holding funds in excess of the judgment but that conflicting claims have been made to them. On June 2, 1975, Shirley filed her claim of exemption asserting that by reason of the recorded homestead exemption she was entitled to $20,000 of the fund. Ortale filed his counterdeclaration, claiming that his judgment was superior to any claim of Greentree Realty for its commission on the sale so that the homestead exemption should be allowed only in the amount of $15,500-$20,000 minus the commission of $4,500.

On June 27, the trial court entered its order allowing Shirley Mulhern's claim of homestead exemption in the amount of $20,000, declaring that all costs of sale including the realtor's commission were properly paid from the escrow and that only the remaining $50.18 in the

---

[1] A default judgment against Shirley Mulhern was set aside.

[2] The creditor asserts no claim based upon Shirley's right to share in the commission.

escrow fund was subject to the writ of execution. This appeal by Ortale followed.

■ Without citation of authority, Ortale contends that Shirley Mulhern's claim of exemption to the proceeds of sale of property subject to a homestead is limited to the gross proceeds of sale unreduced by expenses, including real estate commissions, and that Ortale's claim takes "precedence" over the "inchoate claim of Greentree Realty to its commission." The contention lacks merit.

Where property subject to a homestead is sold, "the proceeds" arising from the sale to the extent of the value allowed for the homestead are exempt from execution for a period of six months from the date of sale. (Civ. Code, § 1265; Code Civ. Proc., § 690.235, subds. (a) and (e).) Here there is no question but that the claim of exemption was asserted within the six months period. Here the parties are agreed that the amount of homestead exemption applicable is $20,000. Here also the record establishes that the proceeds of the sale were the $20,000 held by the trial court to be exempt from execution.

"Proceeds of sale" must be defined in light of the purpose of the homestead exemption's application to the fruits of sale of homestead property. That purpose is to "allow the owner of the homestead to substitute one family home for another without losing his exemption." (*Thorsby* v. *Babcock* (1950) 36 Cal.2d 202, 205 [222 P.2d 863]; note, 39 Cal.L.Rev. 444.) If the purpose is to be realized, "proceeds of sale" must be defined as those payable to the seller from escrow. "Proceeds of sale" must exclude expenses of sale such as real estate commissions also payable from the escrow. Otherwise, the fund is not available for the purpose of substituting one family home for another without loss.

We thus conclude that the trial court applied the correct definition of "proceeds of sale" in ruling on the claim of homestead exemption.

The judgment (order) is affirmed.

Wood, P. J., and Lillie, J., concurred.