Opinion
STEVENS, J.
Issue
When a seller instructs an escrow agent to pay a broker’s commission from funds payable at close of escrow, may the seller unilaterally rescind those instructions after close of escrow, but before the funds are disbursed?
Facts
In September, 1975, appellants agreed to sell their homesteaded property for $125,000. When the escrow was opened with respondent (T.I.), appellants submitted written escrow instructions directing T.I. to pay a $7,500 commission to the brokers upon close of escrow from funds held by T.I. on appellants’ behalf. The brokers, relying on this arrangement, took no further action to collect their fees.
On December 10, 1975, at 8 a.m., the deed was recorded and escrow was closed. The parties were notified an hour later. At noon, the seller sent T.I. new instructions directing T.I. to pay the brokers $5,000 instead of $7,500. One of the brokers objected and T.I. ultimately paid the brokers $7,500.
Appellants then sued T.I. for $2,500 on the ground that T.I. had failed to comply with their instructions. T.I. prevailed in the trial court. This appeal followed.
Discussion
I
When the escrow is ready to close in accordance with the instructions, the escrow holder has a strict duty to close it by delivering or recording the instruments and paying the money in accordance with the instructions. When the escrow instructions have been fully complied *Supp. 44 with, the escrow holder becomes the agent of the seller with respect to the money. (Gordon v. D & G Escrow Corp. (1975) 48 Cal.App.3d 616, 622 [122 Cal.Rptr. 150]; Shreeves v. Pearson (1924) 194 Cal. 699, 708 [230 P. 448].)
Appellants point out that the escrow holder has a duty to comply strictly with the instructions of his principal and if he disposes the money of his principal in violation of his instructions, he will be liable for any loss occasioned thereby. (See Spaziani v. Millar (1963) 215 Cal.App.2d 667, 682 [30 Cal.Rptr. 658].) Appellants, therefore, contend that T.I. was obliged to honor the amended instructions.
Appellants overlook another aspect of the law pertaining to escrows. “[WJhere an escrow agent agrees with a party to the escrow and with his creditor to pay the creditor from proceeds held by the agent in the escrow, the agent is required to disburse these funds to the creditor even though the party to the escrow attempts to cancel the agent’s authority.” (2 Miller & Starr, The Current Law of Cal. Real Estate (1968 ed.) Ownership, § 285, p. 361; e.g., Warrington Lbr. Co. v. Fullerton Mtge. & Escrow Co. (1963) 222 Cal.App.2d 706, 711 [35 Cal.Rptr. 423].) The same basic rule applies when the escrow agent is notified that the proceeds of sale had been assigned to a third party. (See Builders’ Control Service of No. Cal., Inc. v. North American Title Guar. Co. (1962) 205 Cal.App.2d 68, 70 [22 Cal.Rptr. 712].)
In this case, appellants had agreed to pay a $7,500 commission and had directed the escrow holder to pay this sum at the close of escrow. Although there were two brokers, the instructions specified that each broker was to be paid $3,750. Once escrow closed, appellants could not unilaterally amend the instructions over the brokers’ objection. Therefore, T.I. properly paid this commission and was not obliged to institute an interpleader action.
II
Appellants suggest that the action by the title company impaired their rights under the homestead laws. It is true, that where property subject to a homestead is sold, the proceeds of sale to the extent of the value allowed for the homestead are exempt from execution for a period of six months from the date of sale. (Civ. Code, § 1265; Code Civ. Proc., § 690.235, subds. (a) and (e). See Ortale v. Mulhern (1976) 58 Cal.App.3d 861 [130 Cal.Rptr. 277].) The answer is simply that this was a voluntary *Supp. 45 transaction, and did not involve a writ of execution or a forced sale. (See Civ. Code, § 1240.) Hence, the homestead laws were inapplicable.
Disposition
The judgment is affirmed.
Respondent may recover its costs on appeal.
Westwick, P. J., and Rickard, J., concurred.