In the Matter of Manlea Wyman THOMPSON, Sr., Bankrupt.

Bankruptcy No. BK–79–31.

United States Bankruptcy Court, D. Maine.

Nov. 9, 1979.

Allison Anspach, Portland, Me., trustee.

Franklin F. Stearns, Jr., Portland, Me., for bankrupt.

Peter J. Becker, Portland, Me., for judgment creditor.

## MEMORANDUM OF DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

This proceeding involves an objection by a judgment creditor to the trustee's report of exempt property. Bankruptcy Rule 403(c).

At the time of the filing of his voluntary petition the bankrupt had been unemployed for about a year as a result of a work related injury. He owned a pending claim for worker's compensation. He received the proceeds of a lump sum settlement of the compensation claim subsequent to the filing of his petition but before his bankruptcy case was closed.

The Trustee set off as exempt the Bankrupt's compensation claim. The creditor argues that the compensation claim vests in the Trustee by virtue of § 70a of the Bankruptcy Act and that even if the "claim" is exempt under State law the "proceeds" of the lump sum settlement which were received before the case is closed, should vest in the Trustee.

Three issues are raised by the creditor's objection:

(1) Does a Bankrupt claim for worker's compensation benefit pending at the time of the filing of his voluntary bankruptcy petition vest in the Trustee?

(2) If the claim is paid in a lump sum after the petition is filed, do the proceeds of the lump sum settlement vest in the Trustee?

(3) By timing the filing of his petition, so as to receive the proceeds of his lump sum settlement subsequent to filing, has the bankrupt perpetrated a fraud upon his creditors?

The Court concludes that all three issues must be answered in the negative.

## DISCUSSION

Section 70 of the Bankruptcy Act [11 U.S.C. § 110], as pertinent, provides:

a. The trustee . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property . . (5) . . . rights of action, which prior to the filing of the petition he could . . . have transferred or which might have been levied upon and sold under judicial process . . or otherwise seized, impounded or sequestered . . . ; (6) rights of action arising upon contracts, . . . .

Under the clear language of § 70a the Trustee is vested by operation of law with the title of the bankrupt in rights of action described in both subsections (5) and (6), "except insofar as it is property which is held to be exempt . . . ."

Section 6 of the Bankruptcy Act [11 U.S.C. § 24], provides:

"This [Act] shall not affect the allowance to bankrupts of the exemptions which are prescribed . . . by the State laws in force at the time of the filing of the petition . . . ."

We must, therefore, look at Maine law to determine whether or not a claim for compensation under Maine's Worker's Compensation Act is exempt.

Main Worker's Compensation Act provides:

"No claims for compensation under this Act shall be assignable or subject to attachment or liable in any way for debt." 39 M.R.S.A. § 67.

■ A reasonable reading of sections 6 and 70 of the Bankruptcy Act and section 67 of Maine's Worker's Compensation Act makes it clear that the Bankrupt's worker's compensation claim does not vest in the Trustee.

We will now address the question of whether or not the proceeds of the lump sum settlement received after the filing of his voluntary petition but before the closing of his case vest in the Trustee.

Section 70a, to which we must again refer, provides that the trustee shall be vested by operation of law with the title of the bankrupt "as of the date of the filing of the petition initiating a proceeding under this [Act] . . . ."

■ The bankrupt's right to exemptions depends upon conditions existing at the time the bankruptcy petition is filed. *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924).

The Supreme Court, in *White v. Stump*, said:

When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed. The provisions before cited show—some expressly and others impliedly—that one common point of time is intended and that it is the date of the filing of the petition. The bankrupt's right to control and dispose of the estate terminates as of that time, save only as to 'property which is exempt,' § 70a. The exception, as its words and the context show, is . . . of property to which there is under the state law a present right of exemption— one which withdraws the property from levy and sale under judicial process.

*White v. Stump*, at p. 313, 45 S.Ct. at p. 104.

■ So, at the date of the filing of this voluntary petition, the rights of the bankrupt, the trustee and creditors were fixed. At that moment the bankrupt owned a claim for compensation which, under Maine law, was exempt. The Trustee had no title to that claim and, of course, having no title to the claim, he has no title to the proceeds of a lump sum settlement of that claim.

In support of its position, the creditor cites *Legg v. St. John*, 296 U.S. 489, 56 S.Ct. 336, 80 L.Ed. 345 (1936) and *In re Leibowitt*, 93 F.2d 333 (3rd Cir. 1937). His reliance on these cases is not justified. In *Legg v. St. John* the Supreme Court decided that the right to receive future monthly disability benefits under a supplemental insurance contract, issued in connection with a life insurance policy, was not exempt. Creditor overlooks, however, that such disability payments were not exempt under Tennessee law. The Court said:

"Like other property, it passed to the trustee, unless exempted by the law of the bankrupt's domicile. . . .

No statute of Tennessee exempts disability benefits." *supra* 296 U.S. at 495, 496, 56 S.Ct. 336, 338, 80 L.Ed. 345.

It is clear that the Court in *Legg v. St. John* would have found the right to receive future disability payment to be exempt had the law of Tennessee provided for their exemption.

*In re Leibowitt*, was cited by the creditor for the proposition that:

"Now it is the law that a contract right to collect money in the future is such a right as will pass to the trustee whether or not it is capable of being assigned." *supra* at 335.

Again, the creditor overlooks § 70a of the Act which provides that contract rights under both subsections (5) and (6) do not vest in the Trustee "insofar as it is to property which is held to be exempt . . . ."

The creditor also takes the position that by filing his bankruptcy petition after his claim for compensation arose and before

receiving proceeds of the lump sum settlement, the bankrupt somehow has perpetrated a fraud upon his creditors. The Court can not agree with the creditor's position.

 A bankrupt's motive for filing his voluntary petition is generally immaterial, except that the petition may not be filed for purposes of perpetrating a fraud. Collier on Bankruptcy, 14th Ed. ¶ 4.03. Before filing his petition the bankrupt had been unemployed for about a year due to a work related injury. When pressed by his creditors he consulted his attorney, who is experienced in the bankruptcy field. His petition was obviously filed in order to obtain the relief afforded by the Bankruptcy Act and to protect his worker's compensation claim, declared to be exempt by the Maine Statute. The timing of the filing of his petition in order to protect his exemption is not a fraud on creditors.

A major purpose of § 67 of Maine Worker's Compensation Act is to preserve for the worker his right to receive future disability benefits free from debt. The wisdom of the Statute is clear. The disabled worker may be unable to return to work and support himself and his family through future earnings. Future earnings, of course, do not pass to the Trustee in bankruptcy. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). The legislature has seen fit to substitute future disability benefits for the future earnings which may be unavailable to the injured worker or diminished by his disability. In this Court's view, the bankrupt was within his legal rights in filing his voluntary petition when he did in order to protect his disability claim.

No other conduct of the bankrupt is alleged or proved that would constitute fraud.[1]

An order will be entered today dismissing the objections of the creditor and affirming the Trustee's Report of Exempt Property.

1. *In re Prestien*, 427 F.Supp. 1003 (1977); 11 C.D.C. 516, a Florida case cited by the creditor, involved a bankrupt who took an extended trip through Europe after sustaining the injury but before filing his petition during which he incurred over $25,000 in debts. No such facts appear here.