**In re Raul VELEZ–VELEZ, Debtor.**

**Bankruptcy No. 80–00032–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

March 14, 1980.

C. Peter Buhler, Miami, Fla., for debtor.

Stephen H. Judson, Miami, Fla., for secured creditor.

**ORDER ON TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS AND CONTINUING CONFIRMATION HEARING**

THOMAS C. BRITTON, Bankruptcy Judge.

In this chapter 13 case, the debtor has claimed two residences to be exempt from the claims of creditors. One residence is in Florida, the other in Puerto Rico. This court and the debtor are both bound by the Florida law with respect to the availability of exemptions from the claims of creditors, insofar as this case is concerned. Under Florida law, a homestead exemption can only be claimed for one property and that property must be "owned by the head of a family" and must be "the residence of the owner or his family". Florida Constitution, Art. X, § 4(a).

This debtor has claimed his Florida house as his residence and that house is entitled to a homestead exemption from the claims of creditors under Florida law. The petition filed in this case recites that the debtor is a resident of Florida. Exemptions are determined as of the date the petition was filed. The Puerto Rican house cannot, therefore, be this debtor's residence and there is no

basis for the claimed exemption of that property in this proceeding.

The fact that the debtor could have established his residence in Puerto Rico and could have then claimed that dwelling as exempt from the claims of creditors under Puerto Rican law is completely irrelevant in this proceeding. The trustee's objection to the claimed exemption for the Puerto Rican property is, therefore, sustained.

The debtor has filed an amended plan. The trustee and the creditors seek additional time to evaluate the amended plan. The confirmation is, therefore, continued to *March 26, 1980 at 9:30 A.M. in Courtroom No. I, 808 Ainsley Bldg., 14 N.E. First Avenue, Miami, Florida.*