**In re Wilbur Lloyd HARLAN and Ruth Inez Harlan, Debtors.**

**Bankruptcy No. 1–82–00459 E.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

June 23, 1983.

Patrick C. Hargadon, Borsheim & Martinec, Austin, Tex., for debtors.

Cecil M. Arnold, Dallas, Tex., for Kettering Const. Co.

MEMORANDUM OPINION ON OBJECTION OF KETTERING CONSTRUCTION COMPANY TO DEBTORS' CLAIM OF EXEMPTIONS

JOSEPH C. ELLIOTT, Bankruptcy Judge.

On October 14, 1982, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

Prior to the filing of their petition, on October 1, 1982 the Debtors closed the voluntary sale of their homestead and received as the proceeds of that sale $15,015.54 cash and a promissory note for $48,000.00.

The Debtor, Wilbur Lloyd Harlan, elected to exempt from the estate certain property and chose State exemption laws pursuant to 11 U.S.C., Sec. 522(b)(2). He claimed the proceeds of the homestead sale exempt under Article 3834, Texas Revised Civil Statutes Annotated. Art. 3834 provides:

> The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale.

Kettering Construction Company, a creditor herein, has objected to this claimed exemption. While apparently conceding that the proceeds were exempt under Art. 3834 on the date of the filing of the debtors'

petition for relief, Kettering argues that the intent of Art. 3834 is to allow the Debtors to have time to reinvest the proceeds from the sale of their home in a new home. Kettering asks that the Court review the use of the proceeds by the Debtors at the end of the six month period allowed by Art. 3834 in order to determine if the proceeds were all reinvested in a new homestead. Kettering argues that any part of the proceeds not reinvested in a new homestead within the six month period allowed by Art. 3834 not be allowed as exempt. Kettering further argues that to allow the exemption claimed in the proceeds on the date of filing, when under State law they might not be exempt after six months, would frustrate the intent of Art. 3834 and could constitute a "fraud" on the part of the Debtors, who could time the filing of their petition to fall within the six month period allowed by Art. 3834, and then use the homestead proceeds for some purpose not intended by the authors of that exemption Statute.

At the outset, the Court observes that as of the date of the hearing on Kettering's objection, which was March 10, 1983, six months had not elapsed since the Debtors sold their homestead on October 1, 1982. The six month period ended on April 1, 1983, and even under the argument advanced by Kettering Construction Company, the Debtors would have until that date to reinvest the funds. By stipulation of the parties, the Debtors have filed a sworn statement detailing their use of the proceeds. The Court, however, finds the disposition of the proceeds after the date of filing irrelevant.

■ The Court finds persuasive the argument made by the Debtors that this case is controlled by *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924). In the *White* case, at the time the Debtor filed his petition for relief, he had failed to properly register a declaration of his homestead, which was a necessary condition to the allowance of the property as exempt under applicable State law. One month after he filed his petition for relief, the debtor made and filed the necessary declaration. The Supreme Court held that the debtor's claim

of exemption could not be allowed. The Court found that "The law discloses a purpose 'to fix the line of cleavage' . . . when the petition is filed". As regards the exemption claim:

> When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors, and the trustee in other particulars are fixed . . . that one common point of time is the date of the filing of the petition. 266 U.S. at 313, 45 S.Ct. at 104.

Because the debtor's claim of homestead was not allowable on the date of filing as a result of his failure to make and file the necessary declaration as of that date, the property was not allowed as exempt, even though the debtor took the necessary steps only one month later. In other words, the rights of the debtor to claim property as exempt are to be determined based on the facts as they exist on the date of filing, not some later date.

The *White* decision has been extensively cited and consistently followed and the principle announced in *White* has been applied to a variety of exemption claims.

In *Matter of Thompson*, 4 B.R. 18 (Bkrtcy.D.Me.1979), the debtor timed the filing of his petition so that he filed just prior to receiving a lump sum worker's compensation award. Had he received the award before filing, argued a creditor, the award would not have been exempt and, therefore, the debtor should not be able to deprive his creditors of the award by simply filing his petition before he receives it. Citing the *White* decision, the Court held that "the Bankrupt's right to exemptions depends upon the conditions existing at the time the bankruptcy is filed." Accordingly, the Court upheld the Debtor's right to keep the worker's compensation award.

The objecting creditor in *Thompson* also took the position that by filing his petition after his claim for compensation arose, and before receiving his lump sum settlement,

the bankruptcy somehow perpetrated a fraud on his creditors. The Court held that the fact that the debtor timed the filing of his petition in order to protect his lump sum settlement, standing alone, was not fraud. 4 B.R. at 21.

In the instant case, the creditor has neither alleged nor proved any conduct or intent on the part of the debtors that would constitute fraud, beyond the fact that they filed their petition during the period when the proceeds would be set aside to them as exempt.

In *Matter of Blue,* 5 B.R. 723 (Bkrtcy.S.D. Ohio W.D.1980), the debtor owned an insurance policy on which his sister, who was not his dependent, was the beneficiary at the time his petition was filed. Under Ohio law, the policy could not be claimed as exempt unless a dependent was the beneficiary. Citing *White,* the Court held that the debtor could not exempt the policy because a dependent was not the beneficiary at the time of filing.

Applying the principle announced in the *White* decision, and Texas Revised Civil Statutes Annotated, Art. 3834, to the facts of this case, the Court holds that the debtors' homestead proceeds were exempt on the date that they filed their voluntary petition for relief in this case because their petition was filed within six months of the date of the sale of their homestead. The Court further holds that because the substantive rights of the parties were fixed on the date of the filing of the petition the proceeds must, therefore, be allowed as exempt, regardless of what use the debtors might make of the proceeds after the date of the filing of their petition.

The Court fully appreciates counsel's argument and concern regarding the potential for abuse this holding represents. However, as shown by the cases cited in this decision, the law is very clear regarding the issue involved in this case. Further, the potential for abuse is no worse for proceeds of a homestead sale than it is for a homestead itself. The obvious purpose of the homestead exemption is to allow the debtor and his dependents a place to reside. But after his homestead is allowed as exempt property in a bankruptcy, the debtor can sell it and use the proceeds for any purpose he chooses. The same could be said for every item of property allowed as exempt property in bankruptcy. To follow Kettering's argument to its conclusion, no property could be allowed as exempt in a bankruptcy because the debtor might later use it in a manner not consistent with the intent of the exemption statutes.

The Court holds that the filing of the petition for relief in this case by the debtors at a time when the proceeds in question would be set aside to them as exempt is not fraud and does not show that their petition was filed in order to perpetuate a fraud.

Therefore, the objection of Kettering Construction Company to the debtors' claim of exempt property should be OVERRULED and an Order overruling said objection shall be entered by the Court in concurrence with this Memorandum Opinion. This Memorandum Opinion shall constitute the Court's Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 and F.R.C.P. Rule 52.