**In re Betty Jean EARNEST, Debtor.**

**In re Gary Kent STOOKEY, dba Trident Heater Works, fdba G.S. Mfg., Debtor.**

**Bankruptcy Nos. 682–07587, 682–07304.**

United States Bankruptcy Court, D. Oregon.

July 23, 1984.

Helmut Kah, Eugene, Or., for debtor/movant, No. 682–07587.

Thomas Huntsberger, Springfield, Or., trustee, No. 682–07587.

Daniel D. Phillips, Grants Pass, Or., for debtor/movant, No. 682–07304.

J.F. Fliegel, Jr., Medford, Or., trustee, No. 682–07304.

## MEMORANDUM OPINION

POLLY S. WILHARDT, Bankruptcy Judge.

Two cases before the court require an interpretation of Oregon's homestead exemption statute, O.R.S. 23.240(2), within the context of debtors' exemptions claimed after the filing of chapter 7 petitions in bankruptcy.

Betty Jean Earnest (hereinafter Earnest) and Gary Kent Stookey (hereinafter Stookey) each had sold their homes prior to filing bankruptcy and received buyers' promissory notes as consideration. The promissory notes have due dates beyond one year of the sale of the respective homes. Within a year of receipt of the proceeds, each filed a chapter 7 bankruptcy petition. Under O.R.S. 23.305, in effect at the time of the filing of both petitions,

Oregon had "opted out" of the use, by Oregon residents, of federal exemptions otherwise available under 11 U.S.C. § 522(d). On bankruptcy schedule B–4 each claimed an amount not exceeding $15,-000.00 of such proceeds as exempt property pursuant to O.R.S. 23.240(2).

Although the trustees in both cases shortly after the filings notified the debtors of their continuing interest in the sales proceeds, neither filed a formal objection to the debtors' claimed exemptions at that time. Neither Earnest nor Stookey reinvested funds from the promissory notes in another home within one year of the sale of their respective homes.

After a period of one year from Stookey's receipt of the proceeds, the trustee filed a formal objection to his claimed exemption. In the Earnest proceeding the trustee had obtained orders extending time for entry of the debtor's discharge until resolution of this legal issue. Earnest requested of the court a determination on the exemption issue and an entry of an order of discharge. No party has questioned the status of the promissory notes as "proceeds" within the meaning of O.R.S. 23.-240(2). This court will assume the notes are proceeds.

The issues before the court are:

1. Outside the bankruptcy context what conditions must any debtor meet to enable him to use the protection of O.R.S. 23.-240(2) for proceeds from the sale of a homestead?

2. What effect, if any, does the filing of a bankruptcy petition within a year of receipt of sales proceeds have on the use, by a debtor, of O.R.S. 23.240(2) as a claimed bankruptcy exemption?

3. If Stookey and Earnest fail to meet the legal requirements for the use of O.R.S. 23.240(2) as a bankruptcy exemption, are their sales proceeds nevertheless exempt because each trustee failed to follow the established procedure for objecting to claimed exemptions?

O.R.S. 23.240(1) grants an exemption to a homestead. O.R.S. 23.240(2) extends that exemption to the proceeds from its sale with the following language:

"(2) The exemption shall extend to the proceeds derived from such sale to an amount not exceeding $15,000 . . . if the proceeds are held for a period not exceeding one year and held with the intention to procure another homestead therewith."

There is no Oregon case law addressing the first issue raised by this court. Earnest's attorney cited *Blackford v. Boak*, 73 Or. 61, 143 P. 1136 (1914) to support his position that O.R.S. 23.240(2) does not require the debtor to reinvest the proceeds in another homestead within a year of their receipt to retain the exemption granted by that subsection. This case does recognize that a debtor may have an exemption for proceeds from the sale of exempt *personal* property. In dicta it seems to recognize that the exemption in proceeds will continue for a reasonable time. *Blackford v. Boak* is not a precedent for an interpretation of the statute before this court. There the court was interpreting statutory exemption language which differs greatly from O.R.S. 23.240(2). A key distinction is that the old statute contained no language whatsoever referring to a time period.

■ In two recent bankruptcy cases out of Oregon, *In re Monks*, No. 382–01595 (Bankr.D.Or. Dec. 13, 1982) and *Winchester v. Watson* (In re Winchester) (Bankr.9th Cir.1984), the statute has been interpreted to require the debtor to have a bona fide present intent to invest the proceeds in another homestead and in fact to reinvest those proceeds in a new homestead within a year of their receipt. In *Monks*, Judge Johnson specifically rejected the broader interpretation that, where a note is taken as part of a sale it does not lose its exempt status, even though payable over several years, if the debtors intend to put the cash into a home when received. *Monks* at 4.

■ This court agrees. Although exemption statutes are to be liberally construed, *In re Stewart*, No. 383–03855 (Bankr.D.Or. February 16, 1984),

to interpret the language of O.R.S. 23.-240(2) to allow an indefinite period for reinvestment is simply to ignore the plain meaning of the statute. The word "if" is interpreted in contract law to create a condition precedent to the related duty or right following thereafter. 5 S. Williston, A Treatise on the Law of Contracts, 671, n. 1 (3rd ed.1961), Restatement (Second) of Contracts, 224 illustrations 4–7 (1981).

By affidavit Earnest mentioned the extreme difficulty in the present poor economy, for a seller to sell a home without being willing to accept the buyer's promissory note as at least partial consideration for the sale. The court recognizes this as a very serious, legitimate, problem. There will be many sellers in Oregon who cannot liquidate notes which they hold in time to keep the protection afforded by O.R.S. 23.-240(2). This court believes it is the legislature's responsibility to address this problem, not the court's.

█ Both Stookey and Earnest argue that their exemptions, within the context of a bankruptcy, are valid as, at the time of filing their bankruptcy petitions, the proceeds were exempt from levy and execution, a year from their receipt not having lapsed. They state the status of a debtor's exemptions are to be determined as of the date the bankruptcy petition is filed. To support their argument they cite *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924), *In re Harlan*, 32 B.R. 91 (Bankr.W.D.Tex.1983), *In re Velez-Velez*, 6 B.R. 373 (Bankr.S.D.Fla.1980), and *In re Rivera*, 5 B.R. 313 (Bankr.M.D.Fla.1980). *White* holds the date the bankruptcy petition is filed is the point of time used to determine the debtor's right to exemptions. *White* 45 S.Ct. at 104. In *White* at the time his petition was filed, a bankrupt had not filed with the county recorder a declaration that land was occupied and claimed as a homestead as required by state law. On filing he did not request a homestead exemption of the bankruptcy court. Shortly thereafter the local declaration was filed and the bankrupt petitioned the bankruptcy court that his land be set aside as exempt.

Idaho law was clear that if one filed the declaration in proper form the exemption arose; otherwise, no exemption existed. The court denied his petition because at the time the bankruptcy commenced the bankrupt had not filed the declaration as the law required.

Judge Paskay in *Rivera* cites *White*. In *Rivera* the debtor was found not to qualify for state exemptions as he was simply not within the Florida definition of "head of the household" at the time of the bankruptcy filing.

In *Velez-Velez* the debtor, upon filing a bankruptcy petition in Florida as a Florida resident, claimed two homestead exemptions, one each in Florida and Puerto Rico. He could not receive an exemption for the Puerto Rico home as, by his own declaration, he was a Florida resident when he filed.

*In Matter of Thompson*, 4 B.R. 18 (Bankr.D.Me.1979), *White* was cited to uphold the debtor's right to a worker's compensation award which he received just after a well-timed bankruptcy filing. Maine's Worker's Compensation Act exempted "claims for compensation." There was no question the debtor held a claim for compensation when he filed his bankruptcy petition.

In all these cases the courts granted or denied exemptions after examining whether the debtor, as of the date of bankruptcy filing, met the requirements of the relevant state exemption law. Each applicable exemption law established a set of circumstances with which compliance could be determined unequivocally at the moment of the bankruptcy filing. None contained, as an integral part of the law itself, a condition whose nature required an initial view from the future before a decision could be made on the allowance of the exemption.

This court believes the distinction to be vital. 11 U.S.C. § 522(b)(2)(A) states an individual debtor may exempt "any property that is exempt under federal law or state or local *law that is applicable on the date of the filing of the petition."* [emphasis added] The Oregon exemption law for

homestead proceeds contains two conditions. The language of these conditions was as much a part of the applicable law on the date both Earnest and Stookey filed their bankruptcy petitions as is the language actually granting the exemption. These conditions can be labeled either conditions precedent or conditions subsequent. Under either approach the court cannot avoid, after a year's passage, a judicial inquiry to determine if the debtor either receives or keeps, as the case may be, the exemption. Earnest and Stookey would like the court to treat the conditions as subsequent, to grant them the exemption, and then to deny itself, because of the bankruptcy filing, the power to later inquire if the conditions were met. This court finds nothing in the Bankruptcy Code that requires or allows it to fragment the state law in this manner to grant a benefit to the debtors they would not have received if they had not filed bankruptcy.

In *In re Harlan*, 32 B.R. 91 (Bankr.W.D. Tex.1983), the bankruptcy court, citing *White v. Stump*, upheld the exemption the debtor requested for home sales proceeds where the debtor had filed his bankruptcy petition within six months of the receipt of the proceeds. The applicable Texas exemption law reads:

> "The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale."

Tex.Rev.Civ.Stat.Ann. art. 3834, quoted in *Harlan* at 91. This court distinguishes *In re Harlan*. The Texas exemption law before the bankruptcy court did not contain, as does the Oregon exemption law, clear language conditioning the allowance of the exemption on a requirement to be met over a period of time.

Additionally, this court must respectfully disagree with *Harlan's* analysis in support of its position. The three cases the court cites in support of its position, *White v. Stump, In re Thompson*, 4 B.R. 18 (Bankr. D.Me.1979), and *In re Blue*, 5 B.R. 723 (Bankr.S.D.Ohio 1980), all involved laws containing no conditions requiring the court to look to a future event to determine the allowance of an exemption.

The *Harlan* court recognizes its holding could lead to the injustice of allowing the debtor an exemption for proceeds not then used for a homestead. It justifies its position by pointing out a debtor may invest in many types of property and time his bankruptcy to take advantage of the exemption laws. This court concedes that as long as the legislature determines as a social policy that certain debtor's property should be exempt from creditors, the exemption system will be subject to unilateral manipulation by the debtor; however, that manipulation occurs because exemptions are allowed at all. Where the law itself establishes conditions to the exemption's grant and a court is asked to review the exemption, manipulation will occur only with the court's blessing.

Because the applicable state law in *White* contained no conditions involving a period of time subsequent to the bankruptcy filing and because this court is in fact applying the law applicable on the date of bankruptcy filing to determine the debtor's exemptions as required by both *White v. Stump* and 11 U.S.C. § 522(b)(2)(A), this court does not believe its holding is contrary to *White v. Stump*.

Applying these principles to the Oregon statute and facts before this court, this court holds the filing of a bankruptcy petition within a year of the debtor's receipt of homestead proceeds has no legal effect on the debtor's potential use of the exemption granted by O.R.S. 23.240(2). The court must apply the law applicable as of the date the bankruptcy petition is filed at a time during the bankruptcy proceedings when it is able to make a determination whether the law's requirements have been met.

■ There was no direct testimony from either debtor regarding their intent for the use of the sales proceeds. By affidavit Earnest stated it was her intent to invest the cash from eventual liquidation of her promissory note in a new homestead. As damaging as this failure of evidence is to

the debtor's cases, a more significant fact is that neither debtor in fact invested their sales proceeds in another homestead within a year of receiving them. Thus, neither debtor will qualify for the use of O.R.S. 23.240(2) within their respective bankruptcy proceeding unless the court finds the exemptions are to be allowed as filed due to the failure of each trustee to file a timely objection to the exemptions.

At the time Stookey and Earnest filed their bankruptcy petitions, the applicable bankruptcy law in Oregon was the Bankruptcy Code, Interim Bankruptcy Rules drafted by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States and adopted by the Oregon Bankruptcy Court by Local Bankruptcy Rule 1, other local rules adopted by the Oregon Bankruptcy Court, and, to the extent not inconsistent with the new Bankruptcy Code, the Rules of Bankruptcy Procedure promulgated under the Bankruptcy Act.

The Bankruptcy Code requires the debtor to file a list of his exempt property with the court. 11 U.S.C. § 522(1) further states: "Unless a party in interest objects, the property claimed as exempt on such list is exempt."

The Interim Bankruptcy Rules did not contain a rule establishing the trustee's duty, if any, to address the claimed exemptions within the design of the new Bankruptcy Code. The Oregon Bankruptcy Court recognized this gap and promulgated Local Bankruptcy Rule 2 which states:

"Objections by a party in interest to the list of property that the debtor claims as exempt under 11 U.S.C. 522 shall be filed within 15 days after such list has been filed or within 15 days after the first date set for the meeting of creditors, whichever is later."

Simultaneously, Rule of Bankruptcy Procedure 403 required the trustee to review the debtor's claimed exemptions and file a report with the court stating his belief as to the allowability of each exemption. Further, the rule required the debtor to file a timely objection to the trustee's report.

The debtor had the burden of proof with regard to the issue of the allowability of claimed exemptions so raised.

Section 522(l) creates a presumption in favor of the debtor's exemptions as he has filed them. The objecting trustee would have the burden of disproving the debtor's otherwise recognized right to the exemption. This procedure is contrary to that established by Bankruptcy Rule of Procedure 403. The Oregon Bankruptcy Court recognized the contradiction and established a new procedure in Local Rule 2 for trustee's objections to exemptions which procedure supercedes Rule of Bankruptcy Procedure 403.

The trustees in these two proceedings failed to follow the requirements of Local Bankruptcy Rule 2. Both have stated they believed they were not in a position to formally object to their debtor's claimed exemption within the time limits established by that rule as, at that time, they could not have proved the debtors did not qualify for the exemption.

New Rule of Bankruptcy Procedure 4003, effective August 1, 1983, preempted Local Bankruptcy Rule 2. Although Rule 4003 does not apply to the proceedings before this court, the language of that rule does shed some light on the purpose and flexibility of the rule establishing the trustee's obligation in this area.

Rule 4003(b) states:

"The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney."

The rule allows the trustee, with court approval, additional time to object. It recognizes there might be circumstances which do not allow the trustee to object within the initial time established by the

rule. The rule also recognizes that the trustee must have time to object to any amendments to exemptions filed by the debtor. Rule 1009 allows the debtor to amend his schedules, including his B–4 list of exemptions, at any time before the case is closed. Thus, the trustee may find himself objecting to exemptions some time after the proceeding is commenced.

Clearly the purpose of the time limits under both Bankruptcy Rule 2 and Bankruptcy Rule 4003 is to encourage early determination of exemption questions so all parties may then freely pursue their rights with regard to the exempt property. The rule also establishes a notice procedure to alert the debtors that the property claimed exempt cannot be so treated until the controversy surrounding its status is resolved.

Stookey and Earnest received actual notice from their trustees very early in their proceedings that the trustees questioned the status of the allegedly exempt promissory notes. Because of this notice and because the promissory notes, at the time of the hearing, had not been paid off, the debtors cannot, and did not, argue that the trustees' failure to abide by Local Bankruptcy Rule 2 adversely affected them. This court believes that, as Local Bankruptcy Rule 2 did not establish a procedure for the trustees to follow to obtain court approval of a delay in filing a formal objection and, as they could not support an objection timely filed due to the unique applicable statutory language, the steps the trustees did take were sufficient to bring the issue before the court in a timely manner with sufficient notice to interested parties and met the intent of the rule.

This court holds that each trustee's objection to the exemption claimed by their respective debtors shall be allowed. The court further holds that Earnest's and Stookey's sales proceeds from their homesteads are not exempt under O.R.S. 23.-240(2).

The court further holds that Earnest's discharge from indebtedness should be granted and an order to that effect shall be entered immediately.

This Memorandum Opinion contains the court's findings of fact and conclusions of law and pursuant to Bankruptcy Rule 9014, which incorporates Rule 7052, they will not be separately stated.

A consistent order herewith will be entered.