**In re John Charles SEYFERT, Debtor.**

**In re Richard Lee VINCENT, Debtor.**

**Bankruptcy Nos. 88–05068–LM7, 86–07897–LM7.**

United States Bankruptcy Court, S.D. California.

March 17, 1989.

John L. Smaha, San Diego, Cal., for John Charles Seyfert.

Ardelle Williams, San Diego, Cal., for trustee.

Gary E. Slater, Hinchy, Witte, Wood, Anderson & Hodges, San Diego, Cal., for Rancho Santa Fe Pharmacy, Inc.

Stephan D. Petach, Escondido, Cal., Trustee.

J. Warren Beall, Carlsbad, Cal., for Richard Lee Vincent.

Gary E. Slater, Hinchy, Witte, Wood, Anderson & Hodges, San Diego, Cal., for trustee.

Corporate Management, Inc., San Diego, Cal., Trustee.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Because both of the above-referenced cases present the same legal question, the Court has considered them together to jointly dispose of them in this Decision. At issue is the Chapter 7 trustee's power to limit or condition the estate's release of sales proceeds attributable to a debtor's declared homestead exemption.

\*     \*     \*

In both cases, the debtor filed a Chapter 7 petition asserting a declared homestead exemption in a residence under Cal.Code of Civ.Proc. § 704.910. Upon appointment, the trustee sold the residence and collected the proceeds. Thereafter, the debtor requested a release of the proceeds in the amount of the claimed exemption. The trustee refused to remit the proceeds unless and until the debtor established that such proceeds would be reinvested in a residence within six months of the sale.

Upon review of the pleadings submitted, the arguments of counsel and the applicable law of exemptions, the Court finds that the trustee in each case had no basis upon which to retain the exempt proceeds and directs their unconditional release to the debtors. The Court further finds that these proceedings are core matters pursuant to 28 U.S.C. § 157(b)(2)(B).

## FACTS

In *Vincent,* debtor Richard Lee Vincent filed a Chapter 7 petition on December 9, 1986. The trustee, Corporate Management, Inc., sold debtor's residence on June 29, 1987. After payment to all lienholders, the trustee retained net proceeds of approximately $82,000. Debtor subsequently asserted a claim in the proceeds in the amount of $45,000 by way of his declared homestead exemption recorded under Cal. Code of Civ.Proc. § 704.910.

On November 15, 1988, the Court ordered the trustee to disburse the proceeds to debtor after a hearing on trustee's objection to debtor's notice of intent to apply for payment of homestead proceeds. The trustee moved for reconsideration of the order because of the debtor's failure to establish that the proceeds would be reinvested in a residence.

In *Seyfert,* debtor John Charles Seyfert moved to compel the trustee, Stephen D. Petach, to release $30,000 from the estate, attributable to a similar declared homestead in his former residence sold by the trustee six months after the Chapter 7 filing on June 28, 1988. Again, the trustee, without contesting the validity of the exemption, refused to remit any portion of the proceeds to the debtor without evidence of reinvestment in a residence.

## ISSUE

Whether a Chapter 7 trustee, after completing a post-petition sale of debtor's residence, may condition the release of sales proceeds attributable to the debtor's declared homestead exemption upon reinvestment in a new residence within six months of the sale.

## DISCUSSION

Section 704.960(b) of the Cal.Code of Civ. Proc. states, in pertinent part:

If the proceeds of a declared homestead are invested in a new dwelling within six months after the date of a voluntary sale or within six months after proceeds of an execution sale or of insurance or other indemnification for damage or destruction are received, the new dwelling may be selected as a declared homestead by recording a homestead declaration within the applicable six-month period. In such case, the homestead declaration has the same effect as if it had been recorded at the time prior homestead declaration was recorded.

The trustees assert that this section requires a debtor to reinvest the proceeds in a residence within six months of the sale in

order to claim them exempt under a declared homestead. Trustees rely heavily upon the Ninth Circuit's decision in *In re Golden,* 789 F.2d 698 (9th Cir.1986). There, the Court held that a debtor who files a Chapter 7 petition, holding cash proceeds after selling a homesteaded residence pre-petition, must reinvest the sales proceeds within six months of the sale in order to claim the proceeds exempt in bankruptcy.

The Court finds that *Golden* is not dispositive of the cases herein. In *Golden,* the debtor voluntarily sold the residence prior to filing a bankruptcy petition and was holding only cash proceeds. The trustee demanded the return of the proceeds after debtor failed to reinvest the proceeds in homestead property within six months of the sale. The court held:

> Applying California law, we therefore hold that when the debtor fails to reinvest homestead proceeds within a period of six months in which the debtor has control of those proceeds, the proceeds should revert to the trustee. *Supra,* at 700.

In the present disputes, the trustees compelled the sales of the homesteaded residences post-petition. The trustees held the proceeds at all times and refused to release them to debtors. Such post-petition sales are deemed involuntary sales. *In re Cole,* 93 B.R. 707 (9th Cir. BAP 1988). Given that the sales were involuntary and post-petition and that the debtors never had control over the sales proceeds, *Golden* is inapposite.

In the cases *sub judice,* the Court is persuaded by the long line of cases holding that the debtor's exemption rights are fixed as of the petition date; *e.g., White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924) (debtor's failure to declare homestead prior to petition date was fatal to assertion of exemption); *In re Knudsen,* 80 B.R. 193 (Bankr.C.D.Cal.1987) (debtor's post-petition move not fatal to assertion of undeclared homestead exemption). The reasoning for this approach is found in *White:*

When the law speaks of property which is exempt and of rights to exemptions, it, of course, refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors, and the trustee and other particulars are fixed. 266 U.S. at 313, 45 S.Ct. at 104, 69 L.Ed. at 303.

By establishing the debtor's exemption rights as of the petition date, uniformity and certainty is promoted in the area of exemptions. Debtors who claim homestead exemptions in residences having insufficient equity to warrant post-petition sale by the trustee should not be placed in a more favorable position than debtors who have their homesteaded residences involuntarily sold to realize equity in excess of their exemption during the bankruptcy. Under the trustees' approach to homestead exemptions, debtors in the former category could shortly after the petition date voluntarily sell their residences and have unrestricted use of the exempt proceeds, while debtors in the latter category would be required to reinvest their exempt proceeds in a new residence within six months of the original sale or lose them. In addition, fixing the right to exemptions at a time subsequent to the petition date would cloud all exemptions, leaving them subject to divestment upon the debtor's later use of the exempt property in a manner not contemplated under the exemption statutes. *In re Harlan,* 32 B.R. 91, 93 (Bankr.W.D.Tex. 1983).

Accordingly, the debtors are entitled to immediate release of the sales proceeds attributable to their homestead exemptions. Since as of the bankruptcy petitions they held valid homestead exemptions in their residences, it is of no consequence that after the trustees remit the proceeds, debtors may elect not to reinvest them in a new residence.

## CONCLUSION

The trustees are directed to release such funds upon the entry of an order in con-

formance with this Memorandum Decision. This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Debtors' counsel are directed to prepare an order in conformance with this Memorandum Decision within ten (10) days from the date of its entry.