**In re Monty L. WHITMAN, aka/dba/ Western Divisional Sheet Metal, aka Gutters, Unlimited, Debtor.**

**Bankruptcy No. 88–09554–LM11.**

United States Bankruptcy Court, S.D. California.

Oct. 30, 1989.

Shawn F. Kelly, San Diego, Cal., for debtor.

Robert D. Iafe, San Diego, Cal., for Deanna Whitman.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

This case involves the application of the California homestead exemption statute in a Chapter 11 case. The debtor applied for an order post-petition, authorizing the sale of debtor's residence. The Court authorized the sale and ordered that any net proceeds received would be placed in a blocked account until further court order. After the funds were placed in the blocked account, the debtor's former wife obtained a dissolution of their marriage. She has now filed an application for an order authorizing the release of her portion of the homestead proceeds from the blocked account. The question before this Court is whether the debtor is required, pursuant to Section 704.960(b) of the Cal. Code of Civ. Proc., to reinvest the proceeds in a new residence as a condition to their release from the blocked account.

Upon review of the applicable law of exemptions, the Court finds that neither the debtor nor his former spouse is re-quired to reinvest the proceeds in a new residence and orders that the portion of the proceeds belonging to the debtor's former wife be released to her. The Court further finds that this is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(B).

## FACTS

The debtor, Monty L. Whitman, filed a Chapter 11 petition on December 14, 1988, and listed a declared homestead on his schedule of exempt property. During the pendency of his bankruptcy, debtor's wife obtained an order for relief from the automatic stay to proceed with a dissolution proceeding pending in the San Diego Superior Court. On April 5, 1989, debtor filed an application for an order authorizing the sale of the joint residence. The Court authorized the sale and ordered that any net proceeds be placed in a blocked account until further court order. On June 20, 1989, the San Diego Superior Court entered its Judgment of Dissolution. Pursuant to said judgment, debtor's former wife was to receive one-half, or $22,500, of the homestead proceeds held in the blocked account. Ms. Whitman has filed an application for an order authorizing disbursement of her homestead portion of the sale proceeds from the blocked account.

## ISSUE

Whether a Chapter 11 debtor, after completing a post-petition sale of his residence, is required to reinvest the sale proceeds attributable to his declared homestead exemption within six months of the sale.

## DISCUSSION

■ Ms. Whitman claims that she is entitled to the unconditional release of her portion of the homestead proceeds. The question before the Court is whether there is a requirement, pursuant to Section 704.-960(b)[1] of the Cal.Code of Civ.Proc., to

---

1. Section 704.960 of the Cal.Code of Civ.Proc. states:

   (b) If the proceeds of a declared homestead are invested in a new dwelling within six months after the date of a voluntary sale or within six months after proceeds of an execution sale or of insurance or other indemnification for damage or destruction are received, the new dwelling may be selected as a declared homestead by recording a homestead

reinvest the proceeds after their release from the blocked account. If the debtor is required to reinvest the proceeds, then Ms. Whitman is not entitled to disbursement of her portion of the proceeds absent reinvestment.

In *In re Seyfert*, 97 B.R. 590 (Bankr.S.D. Cal.1989), this Court held that a debtor is not required to reinvest proceeds in a new residence attributable to a declared homestead exemption within six months after an involuntary post-petition sale. In that case, Chapter 7 trustees had been conditioning disbursement of homestead proceeds to debtors upon a showing by debtors that the proceeds would be reinvested in a residence. The Court rejected the trustees' conditional release arguments upon the rationale that the debtors' exemption rights are fixed as of the petition date. Because the debtors in *Seyfert*, as of the petition date, "held valid homestead exemptions in their residences, it is of no consequence that after the trustees remit the proceeds, debtors may elect not to reinvest them in a new residence." *Id.* at 592.

■ As in *Seyfert*, the present dispute involves a homestead exemption declared as of the petition date and a sale of the debtor's residence that was both post-peti-

tion and involuntary.[2] However, unlike *Seyfert*, which involved a Chapter 7 petition, debtor, in the instant case, filed for relief under Chapter 11. The Court is faced with the question of whether its determination in *Seyfert* (that the debtor's exemption rights are determined as of the filing date of the Chapter 7 petition) is applicable to a Chapter 11 case. After review of the applicable law of exemptions, the Court finds that entitlement to a homestead exemption under Chapter 11 should be determined as of the filing date of the petition.

In support of this holding, the Court adopts the approach taken in *Matter of Williamson*, 804 F.2d 1355 (5th Cir.1986), where the Fifth Circuit held that the "homestead exemption should be determined as of the date the debtor initially filed his Chapter 11 reorganization petition in bankruptcy...."[3] *Id.* at 1356. In making its determination, the court in *Williamson* declared that it was bound by the language of the Bankruptcy Code, specifically 11 U.S.C. Sections 348(a) and 522(b). Section 522(b) allows a debtor to exempt from property of the estate any property that is exempt under federal, state or local law applicable on the filing date of the petition.[4] Section 348(a) provides that

declaration within the applicable six month period. In such case, the homestead declaration has the same effect as if it had been recorded at the time the prior homestead declaration was recorded.

2. The Bankruptcy Appellate Panel (BAP) in *In re Cole*, 93 B.R. 707 (9th Cir. BAP 1988), concluded that the sale of a residence by a debtor-in-possession post-petition is an involuntary sale. In support of its position, the BAP cited *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 803 (9th Cir.1987), which held that tax payments made post-petition but pre-confirmation are involuntary payments. Based upon this holding, the BAP reasoned that "if payments made to a creditor during the pendency of a Chapter 11 proceeding are involuntary, it is difficult to see why a sale of assets to make those payments should be characterized as voluntary." *In re Cole*, 93 B.R. at 709-10. In further support of its position, the BAP noted that involuntary payments are defined as those made pursuant to judicial action. As a result, because court approval is required for a debtor to sell his residence, the sale is made pursuant to judicial action and, therefore, involuntary. *Id.* at 710.

Following the approach adopted by the BAP in *In re Cole, supra,* the sale by the debtor-in-possession in the present dispute was involuntary because it occurred post-petition pursuant to court approval.

3. The Court is mindful of the fact that the *Williamson* holding has been embraced by the Ninth Circuit. See, *In re Kaplan*, 97 B.R. 572 (9th Cir. BAP 1989) (Debtor's Chapter 11 petition controls the time for determining the debtor's claim of exemption); *In re Magallanes*, 96 B.R. 253 (9th Cir. BAP 1988) (Any exemptions claimed by a debtor are determined as of the Chapter 11 filing date); *In re Thurmond*, 71 B.R. 596 (Bankr.D.Or.1987), *aff'd*, 825 F.2d 414 (9th Cir.1987) (When a debtor has filed a Chapter 11 proceeding and it is converted to a Chapter 7, the date the original bankruptcy petition is filed, rather than the date of conversion, is the date on which exemption eligibility is determined). This Court follows these opinions by also adopting the *Williamson* holding.

4. Section 522 states in pertinent part:
(b) Notwithstanding section 541 of this title, an individual debtor may exempt from prop-

when a case is converted from one chapter to another, the conversion does not change the filing date of the petition.[5] Under a literal reading of these sections, the date of conversion cannot control exemption eligibility. To hold that it did, "would be tantamount to assuming that conversion creates a new filing date, an assumption that the statutory words preclude." *Id.* at 1359.

The Court is aware that case authority exists for the proposition that upon the conversion of a case from either Chapter 13 or 12 to Chapter 7, a debtor's exemptions are determined on the date of conversion.[6] The Eighth Circuit in *In re Lindberg*, 735 F.2d 1087, 1090 (8th Cir.1984), reached this conclusion by looking to 11 U.S.C. Section 1306. Under Section 1306, property of the estate includes all property in which the debtor has an interest on the date of con-

version. The court in *Lindberg* concluded that this date must also be used to determine what exemptions the debtor is eligible to claim. By utilizing the conversion date to determine what exemptions can be claimed, debtors can take full advantage of the exemption laws.[7] *Id.* at 1090.

The *Lindberg* holding does not apply to the conversion of Chapter 11 cases to Chapter 7. This fact was acknowledged by the same court which decided *Lindberg*. *Koch v. Myrvold*, 784 F.2d 862 (8th Cir.1986). In that case the Eighth Circuit distinguished *Lindberg* on the basis that there is no provision in Chapter 11 comparable to 11 U.S.C. Section 1306 that expands the definition of estate property to include virtually all property acquired by a Chapter 13 debtor after commencement of the case but before conversion. *In re Myrvold*, 44 B.R.

erty of the estate property listed in either paragraph (1), or, in the alternative, paragraph 2 of this subsection ... (2)(A) Any property that is exempt under Federal law other than subsection (d) of this section, or state or local law that is applicable on the *date of the filing of the petition* at the place in which the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a larger portion of such 180–day period than in any other place; ... [emphasis added]

**5.** Section 348(a) provides:
(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition,* the commencement of the case, or the order for relief. [emphasis added]

**6.** *See In re Lindberg,* 735 F.2d 1087 (8th Cir. 1984); *In re Stinson,* 27 B.R. 18 (Bankr.D.Or. 1982); *Matter of Brownlee,* 93 B.R. 662 (Bankr. S.D.Iowa 1988).

**7.** The Eighth Circuit in *Lindberg* expressed concern that if the date of filing rather than the date of conversion controlled what exemptions a debtor can claim, a debtor would be foreclosed from exempting any new property acquired after filing but prior to conversion. *In re Lindberg,* 735 F.2d 1087, 1090 (8th Cir.1984). By determining exemptions as of the conversion date, debtors can make full use of exemptions, thereby promoting the goal of the Bankruptcy Code: Providing debtors with a fresh start. *Id.* at 1090. The court in *Lindberg* reasoned that a

debtor's right to claim exemptions should not be limited when converting from a Chapter 13 to a 7, since a Chapter 13 case is a voluntary procedure which may be dismissed by the debtor at any time. 11 U.S.C. Section 1307; *In re Lindberg,* at 1090.

The concern expressed by the court in *Lindberg* is misplaced. Bankruptcy Rule 1009 provides that a voluntary petition, schedule or statement of financial affairs may be amended by the debtor as a matter of course at any time before the case is closed. This rule is supported by case law which holds that amendments should be freely granted. *Matter of Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986), *Thompson v. Powell,* 413 F.2d 276, 277 (5th Cir.1969); *In re Magallanes,* 96 B.R. 253, 256 (9th Cir.BAP 1988); *In re White,* 61 B.R. 388, 394 (Bankr.W.D.Wash. 1986). Although, amendment should not be allowed upon a showing of bad faith or prejudice to a third party. *In re Doan,* 672 F.2d 831, 833 (11th Cir.1982).

Further, the voluntariness rationale of *Lindberg* does not apply to a Chapter 11 case, because the debtor in a Chapter 11 has a greater impetus to protect exemption rights upon filing a petition for relief. Because a Chapter 13 proceeding can be voluntarily dismissed, it is not urgent for the debtor to claim exemptions at the commencement of the case. However, under Chapter 11, although a debtor may voluntarily file a Chapter 11 petition, (11 U.S.C. Section 301), a Chapter 11 petition may also be involuntarily brought. 11 U.S.C. Section 303. In addition, a Chapter 11 debtor may not voluntarily dismiss the case. Dismissal of a Chapter 11 proceeding can occur only after the court makes a "for cause" finding. 11 U.S.C. Section 1112(b); See *Matter of Williamson,* 804 F.2d 1355, 1360 (5th Cir.1986).

202 (Bankr.Minn.1984). As a result, what constitutes property of the estate upon conversion of a case from Chapter 11 to 7 must be determined by looking to Section 541 in light of Section 348(a).

By using the filing date of the bankruptcy petition to demarcate what exemptions a debtor may claim, the Court can determine with certainty the debtor's exemption rights. If the debtor holds a declared homestead at the time of filing the petition, then according to the *Seyfert* rationale, the debtor is free to elect whether or not he or she will reinvest the proceeds.

Accordingly, the Chapter 11 debtor is not required, as a condition of release of the sale proceeds of a homestead residence, to reinvest them in a new residence. The debtor's former wife, Ms. Whitman, is entitled to disbursement of her portion of the homestead proceeds from the blocked account.

Counsel for debtor is directed to prepare an Order on conformance with this Memorandum Decision within ten (10) days from its entry herein.