**In re Jerry S. EVANS, Debtor.**

**Bankruptcy No. 90–07265–H5–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 12, 1991.

---

Skelton & Skelton, Houston, Tex., for debtor.

Janet S. Casciato, Bellaire, Tex., Trustee.

## ORDER AND MEMORANDUM OPINION DENYING DEBTOR'S CLAIM FOR EXEMPTION

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court is the Trustee's Objections to the Debtor's Claimed Exemptions. The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a), and the District Court's Order of Reference of Bankruptcy Cases and Proceedings. A proceeding on an objection to a debtor's claim to exempt property is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Jerry Evans seeks to claim $464,911.87 as exempt proceeds from the sale of his rural homestead. As authority for his position, Evans relies on Texas Property Code Annotated, Sections 41.001(a) and (c) (Vernon Supp.1991). The trustee objects to Evans' claim for exemptions, arguing that Sections 41.001 and 41.002 of the Texas Property Code provide for the exemption of homestead proceeds for six months or until a new homestead is purchased within the six-month-grace period. After due consideration, this Court concludes that the debtor's claim for exemption should be DENIED.

### FACTS

On July 2, 1990, Evans sold his rural homestead. All claims against the rural homestead were satisfied when it was sold. Net proceeds remaining after satisfaction of the claims amounted to $937,905.91. On August 14, 1990, Evans and his wife used $370,000 of the proceeds from the sale to purchase an urban homestead composed of two contiguous lots totaling .692 acre. On October 16, 1990, Jerry S. Evans filed for relief under Chapter 7 of Title 11, USC, and

Janet S. Casciato was appointed trustee. At the time the petition was filed there remained $464,911.87 in proceeds from the sale of the rural homestead.

Article 16, Section 51 of the Texas Constitution provides that:

> The homestead not in a town or city shall consist of not more than 200 acres of land which may be in one or more parcels with improvements thereon; the homestead in a city, town, or village shall consist of a lot or lots amounting to no more than one acre of land, together with any improvements on the land; provided that the same shall be used for the purpose of a home or as a place to exercise the calling or business of a homestead claimant whether a single adult person the head of a family; provided also that any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired.

The Texas Property Code further clarifies the definition of a Texas homestead. Section 41.002 provides:

> (a) if used for the purposes of an urban home or as a place to exercise a calling or business in the same urban area, the homestead of a family or a single adult person not otherwise entitled to a homestead shall consist of not more than one acre of land which may be on one or more lots together with any improvements thereon.
>
> (b) if used for the purposes of a rural home, the homestead shall consist of:
>
> > (1) for a family not more than 200 acres which may be in one or more parcels with improvements thereon; or
> >
> > (2) for a single adult person not otherwise entitled to a homestead not more than 100 acres which may be in one or more parcels with improvements thereon.
>
> (c) a homestead is considered to be rural if at the time the designation is made the property is not served by municipal utilities and fire and police protection.
>
> (d) the definition of a homestead as provided in this section applies to all homesteads in this state whenever created.

The debtor has elected pursuant to 11 U.S.C. § 522(b)(2)(A) to exempt from the bankruptcy estate property which is exempt under Texas Property Code, Section 41.001. Section 41.001 provides in pertinent part:.

> (a) A homestead and one or more lots used for a place of burial of the dead are exempt from seizure from the claims of creditors except for encumbrances properly fixed on homestead property.
>
> (c) A homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claims for six months after the date of sale.

■ If the debtor elects the state exemptions, then the bankruptcy court must look to state law for an interpretation of state homestead exemption rights. *In re Barnhart*, 47 B.R. 277 (Bankr.N.D.Tex.1985). A liberal construction is given by Texas courts to the state constitution and statutes protecting homestead rights. *Toleman v. Overstreet*, 590 S.W.2d 635 (Tex.Civ.App.—Tyler 1979); *Standard Savings and Loan Assn. v. Davis*, 85 S.W.2d 333 (Tex.Civ.App.—Amarillo 1935, writ ref.). The purpose of homestead laws is to provide for a home. *Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931). The remedial purpose of any homestead exemption is the protection and provision of a shelter for each family residing within the boundaries of the state. *In re Barnhart*, 47 B.R. 277, 282 (Bankr.N.D.Tex.1985).

■ Evans would have this Court interpret Section 41.001 not only to further the generous provisions of the Texas homestead laws but also to create windfalls for debtors who reinvest sale proceeds into homesteads of lesser value. Texas homestead laws do not require such a result. The Court is persuaded by the trustee's argument that the six-month-exemption period is not a separate exemption but is rather a continuation of a prior homestead exemption; the purpose of which is to allow the homestead claimant an opportunity to acquire a new homestead without fear of lapse of his homestead rights.

■ The Court accepts Evans' argument that it was the intent of the legislature to hold inviolate and intact the proceeds of the voluntary sale of the homestead for a period of six months after such sale. *Ingram v. Summers*, 29 S.W.2d 447, 449 (Tex.Civ. App.—El Paso 1930, writ dism.). The purpose of this exemption provided under the Texas homestead laws is undoubtedly to allow a homestead claimant six months in which to purchase a new homestead if the claimant so chooses. Admittedly, a homestead claimant is under no obligation to reinvest the proceeds from the sale into a new homestead. The claimant controls the disposal of the proceeds. *In re Harlan*, 32 B.R. 91 (Bankr.W.D.Tex.1983).

■ However, in light of the purposes of the Texas homestead exemption laws, i.e. the ownership of a home, and settled Texas law that there can be but one homestead, *Bell v. Franklin*, 230 S.W. 181 (Civ. App.), *Purdy v. Grove*, 35 S.W.2d 1078 (Tex.Civ.App.—Eastland 1931, writ ref.), *Rockett v. Williams*, 78 S.W.2d 1077 (Tex. Civ.App.—Dallas 1935, writ dism.), *Silvers v. Welch*, 127 Tex. 58, 91 S.W.2d 686 (1936), Tex. Const. art. 16, § 51, the Court finds that Evans' acquisition of a new urban homestead constituted an abandonment of all rights and interest in his previous rural homestead as a matter of law. *Norman v. First Bank and Trust, Bryan*, 557 S.W.2d 797 (Tex.Civ.App.—Houston (1st Dist.) 1977, ref. n.r.e.). There can be no more convincing proof of intent to abandon than the sale of a homestead. *Franklin v. Woods*, 598 S.W.2d 946 (Civ.App.1980).

■ Proceeds from the sale of a homestead maintain their homestead character. Op. Tex. Atty. Gen., 1943, No. 5143. Because homestead character and homestead rights can be lost through abandonment, *Fiew v. Qualtrough*, 624 S.W.2d 335 (Tex. App.1981, ref. n.r.e.), the Court finds it reasonable to conclude that Evans' acquisition of an urban homestead resulted in the abandonment of all rights in the remaining proceeds from the sale of his rural homestead.

The debtor's reliance on *In re Harlan*, 32 B.R. 91 (Bankr.W.D.Tex.1983), is misplaced. In the *Harlan* decision the debtor held no homestead on the date of filing his petition for bankruptcy. Because the debtor in *Harlan* retained proceeds from the sale of his previous homestead, he cannot be said to have abandoned all rights in that homestead.

In this case, the debtor has acquired a new homestead, therefore, abandoning all rights in his previous homestead. Due to the abandonment of his previous homestead and his claim of exemption for his current homestead, the debtor may not impress upon the remaining proceeds from the sale of his previous homestead any type of homestead character. Therefore, in the absence of homestead character the proceeds cannot be held to qualify for the homestead exemption provided by Section 41.001.

## CONCLUSION

This Court finds that the exemption which Evans attempts to claim is not allowed under the provisions of Sections 41.-001(a) and (c) of the Texas Property Code Annotated (Vernon Supp.1991).

Therefore, it is the ORDER of this Court that the debtor, Jerry S. Evans, shall not be allowed to claim the remaining proceeds from the sale of his rural homestead as exempt proceeds.