In the Matter of Peter **WIDDERSHOVEN** and Patsy Lee Nicholson, a/k/a Patsy Lee Widdershoven.

No. C–77–2706–WWS.

United States District Court, N. D. California.

June 15, 1978.

**504**

Rex A. Pryer, Monterey, Cal., for petitioner.

## ORDER

WILLIAM W SCHWARZER, District Judge.

This matter came before the Court on an appeal by the trustee in bankruptcy from an order of the bankruptcy court sustaining the bankrupts' objections to the trustee's report of exempt property. The crucial issue is whether the six month period during which proceeds from the sale of a homestead are exempt under California law is tolled from the filing of the petition in bankruptcy until the property is set aside as exempt by the bankruptcy court.

In September 1976, the bankrupts recorded a declaration of homestead on real property located in Monterey, California. This homestead property was sold by the bankrupts on February 2, 1977. Part of the proceeds of sale consisted of a promissory note, dated January 24, 1977, and due one year later. The proceeds of sale were exempt from the reach of creditors pursuant to California Civil Code § 1265 which provides, in part, that if a homestead is sold "the proceeds arising from such sale to the extent of the value allowed for a homestead exemption . . . ., shall be exempt to the owner of the homestead for a period of six months." The purpose of the provision is to allow the homestead owner to substitute one home for another without losing the exemption. *Ortale v. Mulhern*, 58 Cal. App.3d 861, 130 Cal.Rptr. 277 (1976); *Thorsby v. Babcock*, 36 Cal.2d 202, 222 P.2d 863 (1950).

In April 1977, two months after the valid homestead exemption had been established, the bankrupts filed a petition for voluntary bankruptcy. A valid exemption is not lost by virtue of filing in bankruptcy. *See White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924). The Bankruptcy Act does not affect the allowance to bankrupts of exemptions prescribed by state law in force at the time of the filing of a petition in bankruptcy. 11 U.S. C.A. § 24 (1977).

In their petition for voluntary bankruptcy, the bankrupts claimed the proceeds of the sale as exempt and took all necessary affirmative steps to obtain an exemption from the bankruptcy court. *Gardner v. Johnson*, 195 F.2d 717, 720 (9th Cir. 1952) (bankrupt's failure to claim homestead exemption in voluntary petition in bankruptcy held waiver of exemption). Although approximately four months of the bankrupts' exemption remained when the petition was filed, the filing automatically caused the proceeds of sale to pass into the custody of the bankruptcy court. The proceeds of sale, while still in the bankrupts' physical possession, came under the constructive possession

and legal control of the bankruptcy court upon the filing of the petition. 2 Colliers on Bankruptcy 479–80 (1976). The bankrupts could take no action with respect to the proceeds until they had been set apart as exempt. 2 Colliers on Bankruptcy 474.2–475 (1976). The proceeds were thus unavailable for reinvestment by the bankrupts in another home.

It is the duty of the trustee to issue, within fifteen days of his qualification, a report of exempt property granting or denying the claimed exemptions. Prompt determination of the validity of claimed exemptions is thereby insured. 11 U.S.C.A. Federal Bankruptcy Procedure 403(b) (1976). In this case, the report of exempt property was not issued until six months after the petition had been filed, and eight months after the sale of the homestead property. In his report, issued in August 1977, the trustee denied the bankrupts' claim that the $5,000.00 promissory note was exempt, relying on the ground that by then the six months exemption period had expired. The bankrupts' objections to the report of exempt property were sustained by the bankruptcy court. This appeal by the trustee followed.

At the time of the filing of their petition in April 1977, the bankrupts had had the use of the exempt proceeds of homestead sale for only two months. They were, however, entitled to an exemption for six months; four months of the statutory period therefore remain. *Cf. Thorsby v. Babcock*, above, (exemption period tolled while proceeds of homestead sale were in escrow holder's possession); Note, *Homesteads: Exemptions: Proceeds of Voluntary Sale*, 39 Cal.L.Rev. 444, 447 (1951). Accordingly, the statutory period of exemption must be deemed to have been tolled from the filing of the petition until a determination of the exemption claim at which time the bankrupt regains control of the property. To the extent the proceeds of sale have not been reinvested in homestead or other exempt property at the end of the full period of exemption, excluding the time during which it is tolled, they revert to the trustee's control and become subject to the claims of creditors.

For the foregoing reasons, the bankruptcy court's order is affirmed.

IT IS SO ORDERED.