SCHROEDER, Circuit Judge.
This case involves the application of the California homestead exemption in a bankruptcy proceeding. The bankrupt, Golden, appeals from a $25,000 judgment in favor of the trustee, England. The issue is whether an individual who files for bankruptcy after selling his home, and claims a homestead exemption under California law for the proceeds of that sale, is required to reinvest those proceeds, in another home within six months in order to maintain the exemption. The bankruptcy court held that there was such a requirement, and because the debtor failed to invest the proceeds within six months after the sale of the house, the debtor was no longer entitled to the exemption. It granted judgment in favor of the trustee for the amount of the claimed exemption. The district court affirmed the bankruptcy court, and we in turn affirm the district court.
Golden sold his residence in early May, 1983 and filed his Chapter 7 petition in the bankruptcy court on June 30, 1983, less than two months later. At the time of the filing, he had approximately $25,000 remaining as unspent proceeds of the sale.
Pursuant to 11 U.S.C. § 522(b)(2), the debtor may claim exemptions for property exempt under either state or federal law. Golden claimed a $25,000 exemption under the California homestead provisions then codified at Cal.Civ.Code § 1265.[1] That section provided:
....In no case shall the homestead ... be held liable for the debts of the owner, except as provided in this title; and should the homestead be sold by the owner, the proceeds arising from such sale ... shall be exempt to the owner of the homestead for a period of six months next following such sale.
Section 1265a further provided:[2]
If the proceeds arising from the sale of ... a homestead are used for the purchase of real property within the period of six months following such sale, the property purchased may be selected as a homestead in a manner provided in this title within the period of six months following such sale, and such selection ... shall have the same effect as if it had been created at the time the prior declaration of homestead was filed for record.
Under these sections, the proceeds of a homestead sale remain exempt for six months. Because the last day for filing objections to the claim was August 20, 1983, a date which fell within six months of the sale of the house, the trustee filed no objection. Golden, however, continued to have full control of the proceeds of this sale. He did not reinvest the proceeds in homestead property. In February 1984, the trustee demanded that Golden turn over the proceeds on the ground that they had lost their exempt status and had be *700 come property of the estate pursuant to 11 U.S.C. § 541.
When a debtor elects to claim an exemption under state law pursuant to 11 U.S.C. § 522, he is required to comply with the state law in effect at the time of the filing of his bankruptcy petition. 11 U.S.C. § 522(b)(2)(A); see also Myers v. Matley, 318 U.S. 622, 626-28, 63 S.Ct. 780, 783-84, 87 L.Ed. 1043 (1943); White v. Stump, 266 U.S. 310, 312-13, 45 S.Ct. 103, 103-04, 69 L.Ed. 301 (1924); In Re Zahn, 605 F.2d 323, 327 (7th Cir.1979), cert. denied, 444 U.S. 1075, 100 S.Ct. 1022, 62 L.Ed.2d 757 (1980). Federal courts have repeatedly recognized that the state exemptions which a bankrupt may elect to claim may be more or less generous than federal exemptions. See In re McManus, 681 F.2d 353, 355-56 (5th Cir.1982); In re Sullivan, 680 F.2d 1131, 1137 (7th Cir.), cert, denied, 459 U.S. 922, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982). The state exemptions need not be identical or even comparable to exemptions established under federal law. See In re Neiheisel, 32 B.R. 146, 156 (Bankr.1983); see also Rhodes v. Stewart, 705 F.2d 159, 163 (6th Cir.), cert, denied, 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983). Accordingly, we must apply California law in determining whether the debtor may claim the exemption. 3 L. King, Collier on Bankruptcy H 522.23 (15th ed. 1985).
Cal.Civ.Code § 1265, when read together with § 1265a, clearly provides that proceeds of the sale of a homestead are exempt only if reinvested within six months of the sale. This is confirmed by Thorsby v. Babcock, 36 Cal.2d 202, 222 P.2d 863, 865 (1950), which held that the purpose of the homestead exemption embodied in sections 1265 and 1265a is to allow the debtor to substitute one family residence for another without facing a forced sale. It concluded that the exemption was not intended to allow the debtor to withdraw sales proceeds from the reach of creditors unless the proceeds were invested in another homestead. The court noted that statutes not requiring reinvestment as a condition of exemption had been severely criticized because, in the absence of such restriction, the debtor could use the proceeds to the detriment of his creditors without the benefit to his family which the statute was designed to protect. Thorsby, 222 P.2d at 866.
Golden argues that even though he did not reinvest the proceeds within six months of the sale, the proceeds should nevertheless be exempt. He contends that a bankrupt who claims the California homestead exemption retains an exemption for the proceeds of the sale on a homestead indefinitely provided the filing of a bankruptcy petition followed within six months of the sale.
The only authority that Golden cites to support his position is a bankruptcy decision interpreting a Texas statute similar to Cal.Civ.Code § 1265. In re Harlan, 32 B.R. 91, 92-93 (Bankr.Tex.1983). That opinion, without analyzing the purpose of the Texas exemption, held that if the proceeds were exempt at the date of filing, they continued to be exempt regardless of the use to which the debtor put them. See Harlan, 32 B.R. at 93. To the extent that that decision rests upon an interpretation of Texas law which is contrary to California law, the Texas bankruptcy decision is wholly inapposite. California law requires reinvestment in order to prevent the debtor from squandering the proceeds for nonexempt purposes. Acceptance of the debt- or’s position would frustrate the objective of the California homestead exemption and the bankruptcy act itself, which limits exemptions to that provided by state or federal law. Applying California law, we therefore hold that when the debtor fails to reinvest homestead proceeds within a period of six months in which the debtor has control of those proceeds, the proceeds should revert to the trustee. In re Widdershoven, 452 F.Supp. 503, 505 (N.D.Cal. 1978), applies the California statute essentially in the same manner as we apply it today.
Other states also require reinvestment of proceeds from the sale of a homestead. For example, under Oregon law, a bankrupt loses the statutory exemption for homestead proceeds if they are not reinvested within one year from date of sale. *701 This state reinvestment requirement has been enforced in bankruptcy proceedings. In Re Winchester, 46 B.R. 492 (Bankr.App. 1984). We have previously noted that the Oregon statute is similar to the California statute, because “[b]oth require reinvestment [of proceeds] within a fixed period of time.” In Re White, 727 F.2d 884, 888 (9th Cir.1984). Similarly, under Florida law, a bankrupt must prove intent to reinvest homestead proceeds in order to claim an exemption for them. Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla.1962). This requirement has been applied in bankruptcy proceedings. In Re McGuire, 37 B.R. 365, 366 (Bankr. 1984).
Golden further contends that, even if proceeds are no longer exempt, the trustee is estopped from claiming them because he did not notify the bankrupt, before the six months expired, that he intended to make such a claim. Because the exemption remained in effect during the six-month period, and the trustee had no right to claim the proceeds during that period, we see no reason for requiring that he notify the debtor of a claim not yet in existence. Given the clarity of provisions requiring reinvestment, Golden could not have reasonably relied upon the trustee’s silence as an indication of a permanent exemption.
Golden also contends that there should have been tolling of the exemption period from the time that the debtor filed his petition in bankruptcy. He relies upon In re Widdershoven, 452 F.Supp. 503 (N.D. Cal.1978), which was decided at a time when the provisions of the former bankruptcy act gave constructive possession of proceeds to the trustee until he brought his report of exemptions. Id. at 504-05. Because the debtor in that case could not have had possession and control of the proceeds until after the report was settled, the court held that the exemption period was tolled from the time of the filing of the bankruptcy petition until the trustee’s report was settled.
Under the new bankruptcy rules, however, the duty to claim exemptions is on the debtor rather than the trustee. Bankr. Rule 4003. Thus Golden maintained control over the proceeds after his petition was filed. The material fact here, as in Wid-dershoven, is that the debtor had control of the proceeds for six months and did not reinvest the proceeds in a new homestead. The bankruptcy court correctly found in this case that Golden had full control of the proceeds from the time of the sale of his residence until the trustee commenced this action, far longer than six months. It correctly held that the proceeds were no longer exempt and rejected the tolling argument.
Finally, Golden argues that even if the proceeds are no longer exempt, he has spent some of the $25,000, and that the trustee is entitled only to judgment for the amount remaining in his possession. The award of a judgment in the amount claimed exempt at filing, however, furthers the purpose of the California exemption to preserve the proceeds of the sale for reinvestment in another home, and to prevent expenditures for nonexempt purposes. The court did not err in entering judgment in the amount of proceeds in the debtor’s possession at the time of the filing for bankruptcy.
Affirmed.

. Cal.Civ.Code § 1265 was repealed, effective July 1, 1983, after the filing of the bankruptcy. A similar exemption is now found at Cal.Civ. Proc.Code § 704.960(a) (Supp.1986).

. A provision similar to section 1265a is now contained at Cal.Civ.Proc.Code § 704.960(b) (Supp.1986).