**In re Ronald WOLF, Debtor.**

**Ronald Wolf, Appellant,**

v.

**James E. Salven, Chapter 7 Trustee, Appellee.**

**BAP No. EC–99–1283–RBMa.**
**Bankruptcy No. 95–13068–A–7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 23, 2000.

Decided April 10, 2000.

David R. Jenkins, Motschiedler, Michaelides & Wishon, Fresno, CA, for Ronald Wolf.

Thomas H. Armstrong, Cynthia T. Schully, Fresno, CA, for James E. Salven, Chapter 7 Trustee.

Before: RUSSELL, BRANDT, and MARLAR, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge.

After filing his chapter 7[1] petition, the debtor inherited money and real property in an amount greater than that of the available wildcard exemption under state law. Subsequently, the state legislature increased the wildcard exemption. This new limit exceeded the debtor's total inheritance and he sought to exempt the entire amount. The trustee objected and the court sustained the objection. The debtor appealed. We AFFIRM.

## I. FACTS

Ronald Wolf (hereinafter "the debtor") filed his chapter 7 petition in June 1995. Following the death of his mother, in July 1995, and within 180 days of his petition, the debtor became entitled to receive an inheritance.[2] Pursuant to Rule 1007(h), the debtor amended his schedules to include this beneficial interest, the value of which was then unknown.

On July 31, 1995, the California state legislature increased the available wildcard exemption from $7,900 to $15,800. The debtor eventually inherited money and real property in excess of $7,900 and, attempting to avail himself of the change in the law, amended his schedules in March 1999, seeking to exempt $14,242.75. He also lowered his claimed exemption in a motorcycle he owned.

The chapter 7 trustee objected to the amended claim of exemption in the amount of $14,242.75 on the basis that it exceeded the maximum allowable amount of $7,900 as set forth by the law that was in effect at the time of the debtor's petition.[3] The trustee argued that the appropriate date for determining exemptions was the petition date. In reply, the debtor contended that in the case of property inherited postpetition, exemption rights should be governed by the law which is in effect when the decree distributing the property is entered. Using § 544, the debtor analogized the position of the trustee to that of a levying creditor. He cited California Code of Civil Procedure § 700.200, which states, as to personal property in the estate of a decedent, that levied-upon property "may not be delivered to the levying officer until the decree distributing the property has become final." Accordingly, the debtor reasoned that because a levying officer had no right to reach his inheritance property until it was distributed in 1996 and 1997, neither did the trustee. Thus, he contended, the applicable wildcard exemption was the $15,800 amount in effect at the time of distribution, and not the $7,900 figure in effect at the time of his petition.

A hearing on the trustee's objection to the debtor's claim of exemption was held in April 1999. At the hearing, the bankruptcy court relied on *In re Hyman*, 967 F.2d 1316 (9th Cir.1992), for the proposition that an exemption amount is determined on the date the petition is filed. The court rejected the debtor's argument that an exception be made with respect to property inherited by a debtor postpetition that becomes property of the estate. The court sustained the trustee's objection to the debtor's exemption claim. An order to

---

1. Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. Under § 541(a)(5)(A), the estate created by the commencement of a bankruptcy case includes any property interest that the debtor acquires or becomes entitled to "by bequest, devise, or inheritance" within 180 days after the petition is filed.

3. The trustee also objected to the debtor's modified exemption in the motorcycle. The objection was later sustained and the debtor does not appeal this ruling.

this effect was entered and the debtor timely appealed.

## II. ISSUE

Whether the debtor was entitled to exemption rights beyond those existing on the date his petition was filed.

## III. STANDARD OF REVIEW

■ This appeal involves a pure legal issue. We review such issues under the *de novo* standard. *See In re Black,* 222 B.R. 896, 899 (9th Cir. BAP 1998) (citing *In re Kirsh,* 973 F.2d 1454, 1456 (9th Cir.1992)).

## IV. DISCUSSION

■ The debtor argues for an exception to the general rule that exemption rights are determined as of the petition date. He contends that, with respect to property inherited postpetition that becomes property of the estate, such rights should be governed by the law in effect when the trustee obtains the right to reach the property. We disagree.

■ Section 522 is the principal Code section governing exemptions. Section 522(b) permits a debtor to exempt from property of the estate either the property set forth in § 522(d) or, alternatively, any property that is exempt under state law "that is applicable on the date of the filing of the petition." Section 522(b) also allows states to prohibit their citizens from choosing the exemptions set out in § 522(d). States that "opt out" of the federal exemption system can limit their citizens to the exemptions available under state law. California is among the majority of states that have exercised this opt-out power. In California, then, a debtor may exempt any property that is exempt under state law in effect on the petition date. Like the Code, case law makes it clear that a debtor's exemption rights are determined as of the date of the petition. *See, e.g., In re Herman,* 120 B.R. 127, 130 (9th Cir. BAP 1990) (citing *In re Magallanes,* 96 B.R. 253, 255 (9th Cir. BAP 1988); *In re Sey-*

*fert,* 97 B.R. 590, 592 (Bankr.S.D.Cal. 1989)); *see also In re Sherwood,* 94 B.R. 679, 681 (Bankr.E.D.Cal.1988) (citations omitted).

The California law relevant in this appeal concerns the state's general, or wildcard, exemption. At the time of the debtor's petition, the available wildcard exemption was $7,900 pursuant to California Code of Civil Procedure §§ 703.140(b)(1) and 703.140(b)(5). Approximately six weeks later, the state legislature increased the exemption to $15,800. Unlike the smaller wildcard exemption, this larger one exceeded the value of the debtor's inheritance and prompted the debtor to amend his schedules in an attempt to take advantage of the change in the law.

The bankruptcy court sustained the trustee's objection to the debtor's amended claim of exemption. The court rejected the debtor's argument that the larger wildcard exemption was applicable because it was the law in effect when a levying creditor—and thus the trustee—obtained the right to reach his inheritance property. Our review indicates that the court's position was correct and reflects its analysis.

The debtor's argument rests on the flawed premise that under the circumstances presented in this case, the trustee's position is akin to that of a levying creditor. Below, the debtor cited § 544 in support of this premise. Section 544, however, does not help him because it serves only to bestow avoiding powers upon the trustee and does not affect applicable exemption laws.

Nor is case law cited by the debtor helpful. The debtor relies on *In re Herman,* 120 B.R. 127 (9th Cir. BAP 990), where we stated that "the existence of exemptions presupposes a hypothetical attempt by the trustee to levy upon and sell all of the debtor's property upon the filing of the petition." *Herman,* 120 B.R. at 130. His reliance on this case is misplaced because *Herman* dealt with the avoidance of judgment liens on a debtor's residence, not

with property acquired postpetition that becomes property of the estate.

Unsupported by legal authority and contravened by the plain language of the Code, the debtor's attempt to carve out an exception to the well-established law that exemption rights are determined on the petition date must be rejected. Under the facts of this appeal, it is clear that the debtor was limited in his exemptions to those allowed under California law at the time he filed his petition. This means that he was entitled to the smaller wildcard exemption, rather than the larger one and that the bankruptcy court properly sustained the trustee's objection to his amended claim of exemption.

## V. CONCLUSION

The debtor was not allowed exemption rights beyond those existing under California law at the time he filed his petition. The bankruptcy court's decision sustaining the trustee's objection properly rests on this observation. We AFFIRM.