FILED



NOT FOR PUBLICATION

NOV 6 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MICHAEL K. MALONEY,<br>　　　　　　Debtor. | BAP No. CC-20-1130-LST |
| MICHAEL K. MALONEY,<br>　　　　　Appellant,<br>v.<br>CORTRUST BANK, N.A.; HENNEPIN<br>COUNTY SHERIFF'S OFFICE,<br>　　　　　Appellees. | Bk. No. 6:20-bk-10369-SY<br><br>MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Honorable Scott Ho Yun, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Post-petition, appellee CorTrust Bank, N.A. ("CorTrust") foreclosed on two income properties owned by a limited liability company of which Debtor was a member. Despite the fact that Debtor did not own the properties, he filed a motion to set aside the sale and for sanctions for

---

*This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

willful violation of the automatic stay. He argued that he had legal and equitable interests in the properties sufficient to render them property of the bankruptcy estate protected by the automatic stay. The bankruptcy court rejected this argument, finding that Debtor had not provided any proof that he had any ownership interest in the properties. It accordingly denied the motion.

We AFFIRM.

## FACTUAL BACKGROUND[1]

In January 2012, Debtor and his longtime domestic partner, Matthew Wehling, formed Kyle Properties, LLC (the "LLC") in the state of Minnesota. The couple formed the LLC to manage and protect their assets, because they did not at that time have the option to marry. The primary business of the LLC, as set forth in its operating agreement, is to acquire real estate and resell or rent it out "on behalf of the individual Members."

The LLC purchased real property in Minnesota, including two residential properties in Robbinsdale, Minnesota (the "Properties"). In 2016, the LLC refinanced the debt on its properties through First Minnesota Bank, N.A. In November 2019, CorTrust succeeded by merger to First Minnesota Bank's interest in the relevant notes and mortgages. Shortly

---

[1]The parties did not provide complete excerpts of the record. We have therefore exercised our discretion to examine the bankruptcy court's docket and available imaged papers in the bankruptcy case. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

thereafter, CorTrust notified the LLC of a default on the loans secured by the Properties. A foreclosure sale was set for January 22, 2020.

Debtor filed a chapter 13[2] petition on January 16, 2020. He did not list the Properties on Schedule A of his original schedules, although he included the notation, "See Business Property" at line 1.2 of Schedule A. On Schedule B, he listed his 50 percent interest in the LLC, noting that it owned three rental properties. On Schedule D he listed the debts owed to CorTrust, indicating that the Properties secured the claims. He did not list on Schedule D or F an obligation to Kenwood Finance that was secured by a junior lien on the Properties and which he had personally guaranteed.

The Properties were sold to CorTrust at a foreclosure sale on February 19, 2020, subject to the LLC's right of redemption under Minnesota law.[3] Debtor thereafter filed an amended Schedule A that listed the Properties as rental/vacation residences owned by "at least one of the debtors [sic] and another."

On April 6, 2020, Debtor filed a "Motion to Set Aside Sheriff's Sale and Sanctions for Violation of Automatic Stay" (the "Motion"). Debtor sought to have the bankruptcy court set aside the sale of the Properties and

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[3]*See* Minn. Stat. § 580.23 (setting six-month redemption period).

to impose sanctions under § 362(k)[4] on CorTrust, CorTrust's attorneys, David Lenhardt and Jeff Braegelman, and the Hennepin County (Minnesota) Sheriff for willfully violating the automatic stay by conducting the foreclosure sale during the pendency of Debtor's chapter 13 case. Debtor contended that the foreclosure sale violated the automatic stay because he had legal and equitable interests in the Properties.

CorTrust opposed the Motion, arguing that: (1) it was procedurally improper because it was not filed as an adversary proceeding; (2) the automatic stay did not extend to the LLC's assets; and (3) there was no other basis upon which to find that the stay applied to the Properties. Debtor filed a verified reply, arguing that the relief he sought did not require an adversary proceeding and repeating his assertion that he had legal and equitable interests in the Properties and that CorTrust had an obligation to determine whether the stay applied before proceeding with its foreclosure sale.

At the hearing on the Motion, the bankruptcy court denied it. The court noted procedural defects with the Motion. First, the court stated that it could not find the proof of service for the Motion, and, if the proof of service attached to Debtor's declaration was the operative one, service on the Hennepin County Sheriff's Office did not appear to have been made in accordance with the Rules, and there was no reference to Mr. Braegelman

---

[4]Debtor cited § 362(h) in the Motion.

having been served. Second, the court found that sanctions under § 362(k) had to be sought by adversary proceeding. And third, the court found that it lacked jurisdiction to set aside a foreclosure sale in Minnesota.

With respect to the merits, the court found that nothing in the documentation submitted in connection with the Motion established that Debtor had any interest in the Properties, noting that the exhibits showed that the Properties had been purchased in the name of the LLC. Accordingly, the court found that the Properties were not property of the estate and thus the automatic stay did not apply. The court expressed skepticism that Debtor did not know the consequences of holding property in an LLC, noting that Debtor was a former attorney who had worked for title insurance companies and that he had filed multiple bankruptcies over the years, including one in which he had made a similar argument about property ownership that was rejected.

Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying Debtor's Motion.

## STANDARD OF REVIEW

Whether property is property of the estate is a question of law that we review de novo. *Gaughan v. Smith (In re Smith)*, 342 B.R. 801, 805 (9th Cir. BAP 2006). Similarly, we review de novo the issue of whether the automatic stay provisions of § 362(a) have been violated. *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1173 (9th Cir. 2014). De novo means review is independent, with no deference given to the bankruptcy court's conclusion. *See First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 561 (9th Cir. 2006).

## DISCUSSION

Although the bankruptcy court pointed out several procedural defects in the Motion (which arguably could have been remedied), it denied the Motion on the merits because Debtor had not shown that he was entitled to the relief requested. Debtor argues that the bankruptcy court erred in finding that the Properties were not property of the estate and thus were not protected by the automatic stay in Debtor's individual bankruptcy case. These are essentially the same arguments he made in the bankruptcy court, and, like that court, we find them unpersuasive.

As a general rule, the automatic stay protects only the debtor, property of the debtor, or property of the estate, but it does not protect non-debtor parties or their property. *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)*, 23 F.3d 241, 246 (9th Cir.

1994) (citations omitted). The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although the question of whether an interest claimed by a debtor is property of the estate is a federal question to be decided by federal law, bankruptcy courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. *McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit)*, 217 F.3d 1072, 1078 (9th Cir. 2000) (citing *Butner v. United States*, 440 U.S. 48, 54–55 (1979)).

Under Minnesota law, "[a] limited liability company is an entity distinct from its members." Minn. Stat. § 322C.0104. And Minnesota law in effect at the time the LLC was formed provided that "[a] member has no interest in specific limited liability company property. All property of the limited liability company is property of the limited liability company itself." Minn. Stat. § 322B.30 (*repealed* Jan. 1, 2018).[5]

Debtor argues that his interest in the Properties stems from the fact that he, either in his individual capacity or as a "partner" in the LLC, could have "engaged in any number of personal ownership activities, and

---

[5]In 2014, the Minnesota legislature passed the Minnesota Revised Uniform Limited Liability Company Act, codified at chapter 322C, to replace chapter 322B. *See* 2014 Minn. Laws ch. 157, arts. 1, § 1, at 1; 2, §§ 29, at 76; 31, at 77 (enacting chapter 322C, effective August 1, 2015, and repealing chapter 322B, effective January 1, 2018). *40 Ventures LLC, v. Minnesquam, L.L.C.*, No. A19-2082, 2020 WL 5507887, at *3 n.4 (Minn. Ct. App. Sept. 14, 2020) (unpublished opinion).

thereby exercised powers over the [Properties] for his own interests." He contends that whether property interests held by corporations are property of the estate depends on the facts of each case, citing *In re Schyma*, 68 B.R. 52 (Bankr. D. Minn. 1985). He argues that the bankruptcy court did not determine whether the facts of this case resulted in the Properties being part of the bankruptcy estate. But *Schyma* is inapplicable because the court in that case sought to determine the existence of a partnership; the case did not at all involve a limited liability company.

Debtor does not specify what provisions in the "ownership documents" (undefined) would result in his having an interest in the Properties sufficient for them to be included in the bankruptcy estate. His argument seems to be that because the LLC was set up for the benefit of the individual members, and because part of the funds to purchase the Properties came from the members' individual savings, this changed the character of the LLC so as to render its assets property of the individual members. He contends, without authority, that because the LLC was organized as a "domestic partnership," it is distinguishable from a corporation that issues stock.

But the LLC is, on its face, a limited liability company governed by Minnesota law. Debtor cites no Minnesota law to support the proposition that the circumstances present here resulted in the members of the LLC obtaining legal or equitable interests in the Properties. In fact, such a

8

proposition is in direct contradiction to a common (and legitimate) reason for forming a limited liability company, which is to protect its members (and thus their individually owned property) from personal liability for the debts and obligations of the entity. *Krueger v. Zeman Constr. Co.*, 758 N.W.2d 881, 890 (Minn. Ct. App. 2008).

Finally, Debtor argues that because CorTrust had notice of the bankruptcy filing and was aware that Debtor had personally guaranteed the debt underlying the junior lien on the Properties, it should have sought relief from the automatic stay. But this argument presupposes that the Properties were property of the estate, or, at a minimum, that there was some basis to conclude that the stay might apply, which in turn should have prompted CorTrust to seek clarification from the bankruptcy court. Given that the Properties were held in the name of the LLC, and Debtor failed to include the Properties on his initial schedules, there is no factual or legal basis to assert that CorTrust could or should have anticipated that he would claim an individual interest in the Properties.

Because Debtor has articulated no legal or factual basis to conclude that he had equitable or legal interests in the Properties, he has not met his burden to show that the bankruptcy court erred in denying the Motion on the merits. For this reason, we need not address Debtor's arguments that the bankruptcy court erred in finding that there were procedural errors

with the Motion.[6]

## CONCLUSION

For these reasons, we AFFIRM.

---

[6]In any event, we see no error in those findings. Although a § 362(k) motion does not require an adversary proceeding, a request for injunctive relief does, and service on the Hennepin County Sheriff was not in accordance with Rule 7004. And although the bankruptcy court correctly found that it lacked jurisdiction to set aside a foreclosure sale in Minnesota, it is of no moment: if the court had found that the sale violated the stay, it would be void. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir.1992).