**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DUSTIN JADE WELLS, | No. 20-35984 |
| Debtor, | D.C. No. 4:20-cv-00086-BLW |
| KATHLEEN A MCCALLISTER, | MEMORANDUM[*] |
| Plaintiff-Appellee, | |
| v. | |
| DUSTIN JADE WELLS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted November 9, 2021
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,[**] District
Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Debtor Dustin Jade Wells timely appeals the district court's order holding that the bankruptcy court erred by permitting Debtor to keep the proceeds from a voluntary sale of his homestead. We review de novo the district court's decision. Phillips v. Gilman (In re Gilman), 887 F.3d 956, 963 (9th Cir. 2018). We review de novo the bankruptcy court's legal conclusions and for clear error its factual findings. Id. Because the district court correctly applied binding precedent, we affirm.

Debtors in Idaho must use Idaho's exemptions. Idaho Code § 11-609; see Owen v. Owen, 500 U.S. 305, 308 (1991) (noting that States may constrain debtors to a State-created list of exemptions). Idaho permits a homestead exemption up to $100,000 for an owner-occupied residence. Idaho Code §§ 55-1003, 55-1004(1), 55-1008(1).[1] Idaho also grants a time-limited homestead exemption on proceeds from the sale of a homestead: "The proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead, . . . up to the amount specified in section 55-1003, Idaho Code, shall likewise be exempt for one (1) year from receipt, and also such new homestead acquired with such

---

[1] All citations are to the 2019 version of the Idaho Code. Effective this year, Idaho amended its provisions to allow a homestead exemption of up to $175,000. Idaho Code § 55-1003 (2021). But no statutory amendment affects the analysis of this case, which concerns an amount less than $100,000.

proceeds." Id. § 55-1008(1). Debtor filed for bankruptcy and, while his case was pending, moved to sell his homestead. The bankruptcy court approved the sale, but Debtor failed to purchase a new homestead within the year required by statute.

1. The district court correctly held that our decisions in Wolfe v. Jacobson (In re Jacobson), 676 F.3d 1193 (9th Cir. 2012), and England v. Golden (In re Golden), 789 F.2d 698 (9th Cir. 1986), control. In In re Jacobson, 676 F.3d at 1197, as here, a debtor owned a homestead, filed for bankruptcy in a State that imposes a time-limited exemption on proceeds from a sale, and then sold the homestead during bankruptcy. We held that, in order to retain the homestead exemption, the debtor must comply with the State's time limit for reinvesting the sales proceeds in a new homestead. Id. at 1198–1200; see also In re Golden, 789 F.2d at 699–701 (holding that a debtor who filed for bankruptcy after selling a homestead but during the State's period for reinvesting the sales proceeds lost the homestead exemption by failing to reinvest). Although those cases arose in California, California's homestead exemption is materially indistinguishable from Idaho's homestead exemption. Compare Cal. Civ. Proc. Code § 704.720(b) (2012) ("If a homestead is sold under this division . . . , the proceeds of sale . . . are exempt in the amount of the homestead exemption . . . for a period of six months

3

after the time the proceeds are actually received by the judgment debtor . . . ."), with Idaho Code § 55-1008(1) (quoted above).

2. The district court correctly held that the Trustee's motion, which sought an order declaring that the sales proceeds belonged to the bankruptcy estate, was timely. Throughout the bankruptcy, "the estate held a contingent, reversionary interest" in any eventual proceeds resulting from a sale of the homestead. Gaughan v. Smith (In re Smith), 342 B.R. 801, 808 (B.A.P. 9th Cir. 2006). When Debtor sold the homestead and failed to reinvest the proceeds within the period allowed by statute, "the proceeds, stripped of their exempt status, transformed into nonexempt property, i.e., property of the bankruptcy estate, by operation of law. At that point, there was no need for the trustee to pursue an objection to the claimed exemption because no such exemption existed." Id.; see also Schwab v. Reilly, 560 U.S. 770, 788–91 (2010) (holding that the trustee need not object within the time specified by Bankruptcy Rule 4003 when the trustee seeks an order reclaiming value that has always belonged to the bankruptcy estate). The Trustee's motion was timely and otherwise procedurally proper.

3. The district court correctly held that the rule that we announced in In re Jacobson remains good law. Neither Harris v. Viegelahn, 575 U.S. 510 (2015), nor Law v. Siegel, 571 U.S. 415 (2014), nor any other Supreme Court decision is

4

"clearly irreconcilable" with our decision.  See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Harris ruled that post-petition wages held by the Chapter 13 trustee must be returned to the debtor when the debtor converts the case to Chapter 7, but the decision hinged on the particular statutory provisions applicable to conversion cases, which do not apply here.  575 U.S. at 516–22.  The Court also discussed the general "fresh start" principle of bankruptcy law, id. at 513–14, 518, but its discussion is fully consistent with our own discussion of that principle in In re Jacobson, 676 F.3d at 1200.

A similar analysis applies to Siegel, 571 U.S. at 421, in which the Supreme Court held that, whatever inherent powers a bankruptcy court has, "a bankruptcy court may not contravene specific statutory provisions" of the Bankruptcy Code.  In particular, the Court rejected the creation of an equitable exception to the Code's list of exemptions:  "The Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions."  Id. at 424.  But the Court expressly noted that States could create their own regimes of exemptions and exceptions:  "It is of course true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law . . . .  But federal law

5

provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." Id. at 425. In re Jacobson neither purported to apply a judicially created exception nor authorized an action otherwise prohibited by the Bankruptcy Code; instead, it applied a state-created exemption. Siegel and In re Jacobson are not clearly irreconcilable.

4. Although our precedents require that we affirm, we recognize, as did the district court, that our decisions have been criticized, questioned, and rejected by many. A pair of bankruptcy judges wrote separately in the wake of In re Golden to question the validity of that court's consideration of post-petition acts. Ford v. Konnoff (In re Konnoff), 356 B.R. 201, 208 (B.A.P. 9th Cir. 2006) (Pappas, Bankr. J., concurring); In re Smith, 342 B.R. at 809 (Klein, Bankr. J., concurring). The Ninth Circuit Bankruptcy Appellate Panel ("BAP") distinguished In re Golden as "based on a peculiar temporal exemption statute" and held that "its holding is thus limited to its facts." Cisneros v. Kim (In re Kim), 257 B.R. 680, 686 (B.A.P. 9th Cir. 2000). The year after we decided In re Jacobson, Bankruptcy Judge Ahart published a point-by-point critique of the decision and explained his view that the decision is both wrong and poor policy. See Hon. Alan M. Ahart, In re Jacobson: The Ninth Circuit Court of Appeals Erred By Holding the Debtor Liable for Her Exempt Homestead Sale Proceeds, 32 Cal. Bankr. J. 409 (2013). A prominent

6

bankruptcy practice guide calls In re Jacobson's holding "questionable." 3 Norton Bankr. L. & Prac. 3d § 56:9 n.6 (Oct. 2021); see also 13 Collier on Bankruptcy CH. 02.[5] (Richard Levin & Henry J. Sommer eds., 16th ed. 2021) (noting the general rule that post-petition acts are irrelevant and observing that, "despite this principle," we considered post-petition acts in In re Jacobson).  The First Circuit recently rejected our rule, expressly disagreeing with our decision and labeling it "unpersuasive."  Rockwell v. Hull (In re Rockwell), 968 F.3d 12, 23 (1st Cir. 2020) cert. denied, 141 S. Ct. 1372 (2021).  For our part, earlier this year, we distinguished In re Jacobson; characterized that decision as an "outlier"; and agreed with the BAP that In re Golden's holding is "limited to its facts."  Klein v. Anderson (In re Anderson), 988 F.3d 1210, 1214 n.4, 1216 (9th Cir. 2021) (per curiam).

The Fifth Circuit has agreed with In re Jacobson—at least nominally—in a case involving Texas's homestead exemption.  Viegelahn v. Frost (In re Frost), 744 F.3d 384, 388 n.2 (5th Cir. 2014).  But the Fifth Circuit distinguished other cases on the ground that Texas did not exempt an interest or specific amount of the homestead—Texas exempts the full homestead, without limit.  Id. at 388–89.  California and Idaho, by contrast, exempt only a specific amount of the homestead, so the Fifth Circuit's reasoning appears to contradict our rule in In re Jacobson.

7

We add only one observation. Applying <u>In re Jacobson</u>'s rule in a case like this one leads to arguably peculiar results. The federal government and some States allow a homestead exemption but allow no exemption whatsoever in sales proceeds. 11 U.S.C. § 522(d)(1). In those jurisdictions, a debtor may claim the full homestead exemption and, once the period for objecting to exemptions expires, the debtor may sell the homestead and retain all proceeds. States like California and Idaho grant debtors a <u>more generous</u> exemption by allowing debtors an additional exemption, albeit a time-limited one, in sales proceeds. Yet our ruling in <u>In re Jacobson</u> has the perverse result that debtors in those jurisdictions have only a contingent homestead exemption such that, practically, they have <u>fewer rights</u> during bankruptcy than debtors in other jurisdictions. We see no justification in federal law, state law, or logic for that result.

The primary motivation of our earlier decisions appears to be that, under a contrary rule, bankruptcy debtors would escape the State's time limit and thus have greater rights than those persons in the same state who do not file for bankruptcy. We agree with Judge Pappas' cogent response: "That . . . bankruptcy debtors [receive] additional rights as compared to those not in bankruptcy is nothing new given the remedial purposes of the bankruptcy laws. Bankruptcy is all about the

modification of creditors' state law rights."  In re Konnoff, 356 B.R. at 209–10

(Pappas, Bankr. J., concurring).

**AFFIRMED.**